### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

### Michael Stephen GUERRA, Appellee.

#### No. 03–97–00537–CV.

Court of Appeals of Texas, Austin.

April 30, 1998.

since there is no final order of the trial court to appeal.

Loren E. Svor, Assistant General Counsel, John C. West, Jr., Chief of Legal Services, Austin, for Appellant.

Gilbert Martinez, Law Office of Flores Amaya, Austin, for Appellee.

Before POWERS, KIDD and B.A. SMITH, JJ.

KIDD, Justice.

This appeal arises from the suspension of appellee Michael Guerra's driver's license pursuant to Texas Transportation Code sections 524.001, *et seq.* See Tex. Trans. Code Ann. §§ 524.001—.044 (West 1998) (Administrative Suspension of Driver's License for Failure to Pass Test for Intoxication) (hereinafter the "Code"). Guerra was arrested for driving while intoxicated ("DWI") and after failing a breath test, was served notice that his license would be suspended. Guerra requested a hearing pursuant to section 524.031. *See* Code § 524.031. Guerra's hearing was held 62 days after the notice was served. At the hearing, the presiding administrative law judge ("ALJ") sustained the license suspension by the appellant Department of Public Safety (the "Department"). Guerra appealed this decision to the county court at law.

The county court at law determined that pursuant to Code sections 524.021 and 524.032, the Department was required to give Guerra a hearing no later than 40 days following the notice of suspension. *See* Code §§ 524.021, .032. Because Guerra's hearing was held 62 days after Guerra received the suspension notice, the county court at law reversed the ALJ's suspension order and entered judgment prohibiting the Department from seeking a suspension of Guerra's license.

In two points of error, the Department challenges the trial court's decision to preclude the suspension of Guerra's license. Because we hold that the Code's requirement that the Department hold a hearing within 40 days after a notice of suspension is merely directory, we reverse the trial court's judgment and reinstate the suspension of Guerra's license.

## BACKGROUND

On December 24, 1996, a Department officer observed Michael Guerra driving on an Austin road. The officer saw Guerra swerve from the east lane, cross the white line, and strike the west curb. The officer stopped Guerra and noted that his eyes were bloodshot, his speech was slurred, and that he smelled of alcohol. The officer administered the standard field sobriety tests and, after observing several facts suggesting Guerra's intoxication, arrested him for DWI. Upon arrest, Guerra voluntarily submitted a breath specimen for a breath test. The results of that test indicated that Guerra's alcohol concentration level was .205 and .194. Both results were well over the legal limit of 0.10. As a consequence of Guerra's failure of the breath test, the officer, pursuant to Code section 524.011, served Guerra a notice of license suspension at the time of his arrest. Code § 524.011 (officer shall serve or attempt to serve notice of driver's license suspension by delivering notice to arrested person). Under the Code, Guerra's suspension

would automatically be effective 40 days after such service, unless he timely requested a hearing on the suspension. *See* Code §§ 524.021(a)(1), .031. In that event, Guerra's request for a hearing would "stay" the suspension until the date of the ALJ's final decision, or until 90 days after an appeal is filed with the county court. *See* Code § 524.032(d).[1]

On December 31, Guerra faxed his request for a hearing to the Department pursuant to Code section 524.031. *See* Code § 524.031 (person receiving notice of suspension may request a hearing by facsimile transmission). However, because the request mistakenly showed the arrest date as November 30, 1996, the Department disregarded the request as untimely. *See* Code § 524.031 (licensee's request for a hearing must be made within 15 days of receiving notice of suspension).

On January 29, 1997, the Department informed Guerra that due to his untimely request for a hearing, his license would be automatically suspended pursuant to Code section 524.021. Guerra immediately responded by informing the Department of the mistake and noting that the correct arrest date (December 24, 1996) indicated that his December 31st request was timely. Recognizing the mistake, the Department granted Guerra a hearing.

On February 24, 1997, 62 days after the Department had served Guerra his notice of suspension, Guerra's hearing was held before the State Office of Administrative Hearings ("SOAH"). *See id.* § 524.033 (hearing under Code chapter 524 shall be heard by an administrative law judge employed by SOAH). At this hearing, Guerra contended that the Department was precluded from suspending his license because it failed to hold a hearing within 40 days after he received his notice of suspension. To support his contention, Guerra directed the ALJ to the interplay between sections 524.021 and 524.032(a) of the Code. Section 524.021 provides:

**Suspension Effective Date**

[a] driver's license suspension under this chapter *takes effect on the 40th day after the date the person receives a notice of suspension.*

Code § 524.021 (emphasis added). Section 524.032(a) provides:

**Hearing Date; Rescheduling**

[a] hearing requested under this subchapter shall be held not earlier than the 11th day after the date on which the person requesting the hearing is notified of the hearing unless the parties agree to waive this requirement. The hearing *shall be held before the effective date of the suspension.*

Code § 524.032(a) (emphasis added).

Guerra argued before the ALJ, as he does here, that when construed together, the last sentence of section 524.032(a)—"hearing *shall be held before the effective date of the suspension "*—requires that the licensee's hearing be held before the "*40th day after the date the person receives a notice of suspension."* *See* Code §§ 524.021, .032(a). In other words, Guerra's contention to the ALJ was that the "effective date of suspension" as used in section 524.032(a) is defined in section 524.021 as the 40th day after notice of suspension. Therefore, Guerra contended that pursuant to section 524.032(a), the Department's *failure to hold a hearing within 40 days of Guerra's notice of suspension precluded the Department from suspending his license.

The ALJ rejected Guerra's contention and rendered an administrative order sustaining the Department's petition to suspend Guerra's license. That order became final and appealable when the ALJ signed it on February 24, 1997. *See* Code § 524.035(e) (ALJ decision final when issued and signed).

Guerra sought judicial review of the ALJ's order in Travis County Court at Law No. 1. *See* Code § 524.041. At trial, Guerra reiterat-

---

1. Section 524.032(d) provides:
   a request for a hearing stays suspension of a person's driver's license until the date of the final decision of the administrative law judge. Code § 524.032. We also note that if a licensee appeals the ALJ's decision to the county court at

law and meets the requirements of Code section 524.042(a), the licensee is entitled to an additional stay until 90 days after filing the petition for appeal.

ed his argument that the proper construction of the Code mandated a 40-day maximum time frame for the Department to hold a hearing. The trial court agreed with Guerra's construction of sections 524.021 and 524.032(a), finding that, when requested, a hearing *must* be held within 40 days of the notice of suspension or the Department is precluded from suspending the license. Therefore, because the SOAH hearing was held 62 days after notice of suspension, the trial court entered judgment prohibiting the Department from suspending Guerra's license.

On appeal, the Department challenges the trial court's construction of sections 524.021 and 524.032(a). Specifically, the Department argues in a single point of error that although sections 524.021 and 524.032(a) require a hearing within 40 days of the notice of suspension, such a requirement is directory and not mandatory.

## DISCUSSION

■ Although section 524.032(a) does not specifically state that a hearing be held within 40 days of a served notice of suspension, we agree with Guerra that the *interplay* between sections 524.021 and 524.032(a) suggests that this is the most probable intent of the Legislature. Thus, we hold that once a hearing is requested, "the hearing shall be held" "before the 40th day after the date the person receives a notice of suspension." *See* Code §§ 524.021, .032(a). Our inquiry, however, is not over. As the Department suggests, we must now determine whether such a construction is mandatory or directory. Whether a provision is mandatory or directory is a question of law, and we exercise *de novo* review over questions of law in an Administrative Procedure Act appeal. *See In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994).

The fundamental rule of statutory interpretation is to find the meaning best expressing legislative intent. *See Texas Dep't of Public Safety v. Dawson*, 360 S.W.2d 860, 862 (Tex.Civ.App.—Dallas 1962, no writ). The Texas Supreme Court suggests that when determining whether a provision is mandatory or directory, the reviewing court should recognize:

[t]here is no absolute test by which it may be determined whether a statutory provision is mandatory or directory ... Although the word "shall" is generally construed to be mandatory, it may be and frequently is held to be merely directory. In determining whether the administrative agency intended the provision to be mandatory or merely directory, *consideration should be given to the entire act,* its nature and object, and *the consequences that would follow from each construction.* Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly, and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the *absence of words* restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction.

*Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956) (emphasis added).

■ We believe that there are four reasons for holding section 524.032 directory. First, other provisions in chapter 524 of the Transportation Code suggest that hearings may be held outside 40 days of the served notice of suspension. *See Chisholm*, 287 S.W.2d at 945 (consideration of the entire act should be given when determining whether provision is mandatory or directory). For example, two separate provisions in chapter 524 allow the licensee and the Department a continuance if certain requirements are met. *See* Code § 524.032 (licensee is entitled to a continuance if requested more than five days before the date the hearing is set); Code § 524.039 (Department may reschedule hearing if licensee requests presence of "breath test operator" and "operator" is unavailable on date hearing is set). Neither of these provisions, however, requires that the rescheduled hearing take place within 40 days of the served notice of suspension. Thus, contrary to Guerra's position, a strict reading

of chapter 524 does not support a *mandatory* requirement to hold a hearing within 40 days of the served notice of suspension.

Second, the "consequence" of finding section 524.032(a) mandatory could make the statute untenable in some cases and possibly encourage manipulation of the chapter 524 provisions in other cases. *See Chisholm,* 287 S.W.2d at 945. The act of actually holding the hearing is not within the complete control of the Department. Pursuant to section 524.033, all hearings are required to be held before SOAH. *See* Code § 524.033. Therefore, the Department is subject to another agency's timetable. It is plausible that on occasion there could be so many cases waiting to be heard that it would be impracticable for SOAH to hear all of them within the 40 day time frame prescribed by section 524.032(a). If such a scheduling problem were to arise, it would be unreasonable to punish the Department for acts that are not within its control.

Guerra's rejoinder to this argument is primarily based on two cases, *Texas Department of Public Safety v. Meredith,* 753 S.W.2d 191 (Tex.App.—Dallas 1988, no writ), and *Balios v. Texas Department of Public Safety,* 733 S.W.2d 308 (Tex.App.—Amarillo 1987, writ ref'd). These cases, however, are readily distinguishable from the instant cause.

In both *Meredith* and *Balios,* the mandatory statute required the Department to *request a hearing* within ten days of the licensee's demand for a hearing. *See Meredith,* 753 S.W.2d at 193; *Balios,* 733 S.W.2d at 310. In the present case, the statute in question not only requires the hearing be set, but actually held. Moreover, in *Meredith and Balios* the act to be performed (i.e., requesting a hearing) was simply ministerial in nature and was completely within control of the Department. As noted above, the act required by section 524.032(a) (i.e., holding the hearing) is not ministerial in nature and requires the significant involvement of SOAH.

Furthermore, a mandatory reading of section 524.032(a) could lead to the manipulation of the Chapter 524 provisions. As seen in the present case, an apparent mistake concerning Guerra's arrest date caused the Department to disregard Guerra's request as untimely. By the time the mistake was recognized, the only practicable time to set a hearing was outside the 40–day time frame required by section 524.032(a). Under such facts, it would be disingenuous for us to allow a licensee to take advantage of a mistake which may have been caused by his own neglect or inadvertence.

Third, the Legislature's failure to attach a consequence to a situation where a hearing is held outside the 40 days of the notice of suspension persuades us to hold section 524.032(a) directory. As stated in *Chisholm,* "absence of words stating the consequences of a failure to act within the time specified" supports a directory construction. *See Chisholm,* 287 S.W.2d at 945; *see also Texas Department of Public Safety v. Mendoza,* 956 S.W.2d 808, 812 (Tex.App.—Houston [14th Dist.] 1997, no pet. h.) (provision specifying a time period for performance of a duty by public officer but containing no language specifying a consequence for failure to act is generally directory). If the Legislature had intended for section 524.032(a) to be mandatory, it could have easily provided consequences for noncompliance. *See Nash v. Civil Serv. Comm'n, Palestine,* 864 S.W.2d 163, 166 (Tex.App.—Tyler 1993, no writ) (if not made explicit by Legislature to the contrary, statute requiring commission to hold hearing and render decision within 30 days of receiving notice of appeal does not deprive court of jurisdiction to hear case outside the 30 days).

Finally, we are not persuaded by Guerra's argument that he is left in "limbo" and deprived of due process if the 40 day time period to hold the hearing is not made mandatory. First, Chapter 524 provides various safeguards protecting the licensee when the Department seeks to suspend one's license. For example, sections 524.032(d) and 524.042 stay the Department's suspension until the ALJ renders a final decision or until 90 days after an appeal is filed with the county court. These safeguards were obviously placed within chapter 524 to protect the licensee from having his license suspended without the opportunity for a fair and impartial hearing. Second, statutes such as

section 524.032(a) are designed to promote the "proper, orderly, and prompt conduct of business." *See Lewis v. Jacksonville Build. & Loan Ass'n,* 540 S.W.2d 307, 310 (Tex. 1976). Our holding that section 524.032(a) is directory does not mean that the Department has unfettered discretion to hold the hearing whenever it wants. If the Department holds a hearing outside the 40 day time limit, it must show good cause for doing so. In the present case, it was a mistake on the original hearing request that caused the hearing to be held 62 days after Guerra received his notice of suspension. Under such facts, the Department should not be precluded from suspending Guerra's license. We therefore sustain the Department's point of error.

### CONCLUSION

Having sustained the Department's point of error, we reverse the judgment of the trial court and reinstate the suspension of Guerra's license.