TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00027-CV







Texas Department of Public Safety, Appellant



v.



Albert Salas, Appellee







FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY


NO. 237,709, HONORABLE ORLINDA L. NARANJO, JUDGE PRESIDING








 The Texas Department of Public Safety (the "Department") appeals a judgment
reversing the suspension of appellee Albert Salas's driver's license. Salas's driver's license was
suspended after a hearing by the State Office of Administrative Hearings ("SOAH"), pursuant to
Texas Transportation Code section 724.031 et seq. See Tex. Transp. Code Ann. §§ 724.031-.048
(West 1998) (Suspension or Denial of License on Refusal of Specimen; Hearing) (hereinafter the
"Code"). Salas appealed to the Travis County Court at Law on the basis that the Department
lacked authority to suspend his license because the hearing was held more than forty days after he
was served with notice of suspension, in violation of section 724.041. Because we hold that the
forty day requirement in section 724.041 is directory and not jurisdictional, we will reverse the
trial court's judgment and reinstate the suspension of Salas's license.


BACKGROUND

 Salas was arrested for driving while intoxicated ("DWI") on July 13, 1997, but
refused to provide a sample of his breath for analysis. Salas contends that at the time of the
offense he was served with notice that his license would be suspended. See Code § 724.035
(suspending license for refusal to provide specimen). The record contains the DWI statutory
warning form, which provides notice of suspension. The statutory warning form reflects the time
and date of the offense, but does not affirmatively show whether Salas received this form or when
he received actual notice. Nevertheless, Salas requested a hearing on the license suspension. See
Code § 724.041 (requiring a hearing upon timely request). The SOAH held the hearing on August
28, 1997, forty-six days after the date Salas says the notice of suspension was served on him. See
Code § 724.041 (timely request for a hearing shall be held by SOAH). At the conclusion of the
hearing, the presiding administrative law judge ("ALJ") authorized the Department to suspend the
license.

 Salas appealed this decision to the Travis County Court at Law, contending that the
Department's failure to hold the hearing within forty days after the notice of suspension was
served, in violation of section 724.041(b), deprived the agency of jurisdiction to suspend his
license. See Code §§ 724.041(b), (1) .035(d). (2) The trial court agreed with Salas's position and
reversed the suspension order on this basis.

DISCUSSION

 The Department appeals the trial court judgment rendered in favor of Salas, arguing
in a single point of error that the administrative agency does not lose jurisdiction of the matter
solely because it fails to hold a hearing on an administrative license revocation before the fortieth
day after service of the notice of suspension. This Court recently addressed the same argument
regarding a different section of the Code in Texas Department of Public Safety v. Guerra, 970
S.W.2d 645 (Tex. App.--Austin 1998, pet. denied). Guerra dealt with an administrative license
revocation procedure when a driver's breath test reveals an alcohol concentration that exceeds the
legal limit. In Guerra, we held that the interplay between Texas Transportation Code sections
524.032(a) (3) and 524.021, (4) provisions parallel to sections 724.041(b) and 724.035(d), requires a
hearing to be held within forty days of the notice of suspension. Id. at 648. We further held that
section 524.032(a) is directory, rather than mandatory, and that the hearing can be held beyond
the forty days for good cause shown; however, failure to hold a hearing within forty days does not
deprive the agency of jurisdiction. Id. at 648-50; see also Texas Dep't of Public Safety v. Vela,
No. 04-97-00206-CV, slip op. at 5 (Tex. App.--San Antonio July 22, 1998, no pet. h.). 

 Even assuming the record reflects that Salas received notice more than forty days
before the effective date of revocation, his contention must fail. For the same reasons stated in
Guerra, we hold that the requirement in section 724.041 that a hearing be held within forty days
of the notice of suspension is directory; a hearing may be held beyond forty days for good cause
shown; and failing to hold the hearing within the prescribed time does not deprive the
administrative agency of jurisdiction.


CONCLUSION

 Having sustained the Department's point of error, we reverse the judgment of the
trial court and reinstate the suspension of Salas's license.



 

 Marilyn Aboussie, Justice

Before Justices Powers, Aboussie and Kidd

Reversed and Rendered

Filed: October 1, 1998

Publish
1. Section 724.041(b) states: "A hearing shall be held . . . before the effective date of the notice
of suspension or denial." Tex. Transp. Code Ann. § 724.041(b) (West 1998).
2. Section 724.035(d) states: "A suspension or denial takes effect on the 40th day after the date
on which the person: (1) receives notice of suspension or denial . . . ." Id. § 724.035(d).
3. Section 524.032(a) provides, in relevant part: "A hearing requested . . . shall be held before
the effective date of the suspension." Id. § 524.032(a).
4. Section 524.021 provides: "(a) A driver's license suspension under this chapter takes effect
on the 40th day after the date the person: (1) receives a notice of suspension . . . ." Id.
§ 524.032(a).



ode §§ 724.041(b), (1) .035(d). (2) The trial court agreed with Salas's position and
reversed the suspension order on this basis.

DISCUSSION

 The Department appeals the trial court judgment rendered in favor of Salas, arguing
in a single point