TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00503-CV






Texas Department of Public Safety, Appellant



v.



Bobby Dear, Appellee






FROM THE COUNTY COURT AT LAW NO. 2 OF TOM GREEN COUNTY


NO. 98C034-L, HONORABLE PENNY ROBERTS, JUDGE PRESIDING







 Appellant Texas Department of Public Safety ("Department") appeals from a
summary judgment reversing an administrative suspension of appellee Bobby Dear's driver's
license. An administrative law judge ("ALJ") had previously upheld the suspension based on
Dear's refusal to submit to a breath test after being stopped for driving while intoxicated. On
appeal to the County Court at Law No. 2 of Tom Green County, Dear moved for summary
judgment on the ground that he was not given an administrative hearing within 40 days of the
notice of his license suspension. The trial court granted Dear's motion and "reversed and
vacated" the ALJ's decision, reinstating Dear's license. The Department perfected this appeal
from the summary judgment. We will reverse the county court's judgment and remand the cause
to that court.




FACTUAL AND PROCEDURAL BACKGROUND

 The facts of this case are undisputed. On November 8, 1997, at approximately
12:14 a.m., Tom Green County Sheriff's Deputy Danny Nunez observed Dear driving in an
erratic manner and failing to maintain a single marked lane. When Nunez signaled Dear to pull
his car over, Dear continued to travel several blocks before complying. When Nunez conversed
with Dear, he noticed that Dear smelled of alcohol, slurred his speech, had bloodshot eyes, and
swayed when he stood. Nunez conducted several field sobriety tests, which Dear either failed or
refused to perform. Based upon these observations, Nunez arrested Dear for driving while
intoxicated, provided him with his statutorily required warning, and requested that he perform an
intoxilyzer breath test. When Dear refused to perform the breath test, Nunez immediately served
him with a notice of suspension of his driver's license pursuant to the Texas Transportation Code. 
See Tex. Transp. Code Ann. (hereinafter "Code") §§ 724.031-.035 (West 1999) (suspension or
denial of license on refusal of specimen).

 On November 14, Dear timely requested an administrative hearing on the license
suspension. See Code § 724.041 (if timely requested, hearing shall be held by State Office of
Administrative Hearings ("SOAH")). On December 8, the Department filed a notice of hearing,
setting the hearing for January 6, 1998. However, since SOAH schedules its own dockets and is
available for hearings in San Angelo only on the second and fourth Tuesdays of each month, the
hearing was rescheduled for the second Tuesday of January (January 13, 1998), the 66th day after
Dear received notice of suspension.

 At the hearing on January 13, 1998, Dear requested, as a preliminary matter, that
the proceeding be dismissed on the ground that the hearing was being held beyond the required
period of 40 days from the suspension notice. See Code §§ 724.041(b), 724.035(d). (1) The ALJ
denied Dear's request and made the following finding: "[T]he Court finds and concludes that
there were no available dockets that could possibly be made available to the parties, prior to the
fortieth day after the date the notice of suspension was served on Defendant." The ALJ then heard
evidence on the Department's petition for suspension and upheld the suspension of Dear's license. 
Dear appealed the ALJ's decision to the county court at law. To perfect his appeal, Dear filed in
the county court at law a pleading styled "Appeal Petition and Motion to Dismiss for Want of
Jurisdiction"; the sole basis of his appeal was the failure to hold a hearing within 40 days of the
suspension notice. Before the trial court had ruled on his motion to dismiss, Dear filed a motion
for summary judgment the sole basis of which was, again, the alleged failure to timely conduct
the hearing before the ALJ. The motion asked the court to decree that the ALJ's decision was
"null and void" or, alternatively, that the ALJ was without jurisdiction to hold the administrative
hearing, thus making the ALJ's decision "null and void." The county court at law signed an order
styled "Final Summary Judgment" purporting to grant Dear's motion for summary judgment; this
order decreed that the administrative decision was "reversed and vacated."




DISCUSSION

 The Department appeals the trial court's judgment, arguing inter alia that an ALJ's
decision is not invalid solely because a hearing regarding an administrative license suspension is
not held within forty days of notice of suspension. Whether a violation of that provision can result
in a complete dismissal of a cause of action is a question of law, requiring a de novo review. See
In re Humphreys, 880 S.W.2d 402, 404 (Tex. 1994).

 This Court has recently addressed similar issues in Texas Department of Public
Safety v. Guerra, 970 S.W.2d 645 (Tex. App.--Austin 1998, pet. denied), and Texas Department
of Public Safety v. Salas, 977 S.W.2d 845 (Tex. App.--Austin 1998, no pet.). In Guerra, we held
that the interplay between sections 524.032(a) and 524.021 (2) implied a legislative intent to require
administrative hearings on license revocations invoked by failed breath tests to be held within 40
days of the notice of suspension. 970 S.W.2d at 648. We further held, however, that such a
requirement was merely directory, rather than mandatory, recognizing the scheduling constraints
the Department faces in coordinating its hearings with SOAH and noting that "it would be
unreasonable to punish the Department for acts that are not within its control." Id. at 649.

 In Salas, we extended these holdings to the parallel sections of the Code dealing
with license suspensions due to refusal to perform breath tests. See 977 S.W.2d at 847; see also
Code §§ 724.041(b), 724.035(d). We stated that "failure to hold a hearing within forty days does
not deprive the agency of jurisdiction." 977 S.W.2d at 847. There, a motorist was arrested for
driving while intoxicated, but refused to render a breath specimen for analysis and was accordingly
served with notice of license suspension. The motorist requested a hearing, which was held
46 days later. As in Guerra, we held that the Department's failure to hold a hearing within
40 days of the date that the motorist was served with notice of suspension did not deprive the
agency of jurisdiction. Id.

 At least one other court of appeals has held likewise. See Texas Dep't of Pub.
Safety v. Vela, 980 S.W.2d 672, 674 (Tex. App.--San Antonio 1998, no pet.).

 Dear contends that although we held the 40-day requirement to be merely directory
in Guerra, we also burdened the Department with an affirmative duty to show "good cause"
before it could avail itself of the directory nature of the provision--and that without such showing,
any proceedings are void for lack of jurisdiction. See Guerra, 970 S.W.2d at 650 ("If the
Department holds a hearing outside the 40 day time limit, it must show good cause for doing
so."). We disagree with Dear's contention. Such an interpretation runs contrary to the inherent
nature of directory provisions. A directory provision is, by definition, one "the observance of
which is not necessary to the validity of the proceeding." Gayle v. Alexander, 75 S.W.2d 706,
708 (Tex. Civ. App.--Waco 1934, no writ) (election could not be rendered void solely by
participation of unqualified election officers), cited with approval in State v. Fox, 133 S.W.2d
987, 991 (Tex. Civ. App.--Austin 1939, writ ref'd) (provisions regulating duty of county tax
collectors to make monthly reports and remittances of state taxes to comptroller within prescribed
time held directory, with no consequence suffered by county tax collector for noncompliance). 
A plethora of cases so hold. See Lewis v. Jacksonville Bldg. & Loan Ass'n, 540 S.W.2d 307, 311
(Tex. 1976) (provision regulating 45-day period for Savings and Loan Commissioner to render
decisions held to be directory, the failure of which "will not, of itself, invalidate the
Commissioner's order"); City of Uvalde v. Burney, 145 S.W. 311, 312 (Tex. 1912) (by failing
to meet statutory time period to fix salaries of city officers, city council was not "thereby . . .
robbed of its vigor and power . . . to do later what it should have done earlier" where statute was
held to be merely directory; failure to meet statutory prescriptions regarding time or mode of
action does not generally nullify such proceedings); Nash v. Civil Serv. Comm'n, Palestine, 864
S.W.2d 163, 166 (Tex. App.--Tyler 1993, no writ) (requirement that commission hold hearing
and render decision within thirty days of receipt of the notice of appeal does not deprive court of
jurisdiction to hear case outside of this period); Kessler v. Texas Employers' Ins. Ass'n, 421
S.W.2d 133, 136 (Tex. Civ. App.--Eastland 1967, writ ref'd n.r.e.) (judgments are "not void
when rendered in violation of statutory provision which is merely directory . . . or for purely
procedural irregularity") (citing Simmons v. Arnim, 220 S.W. 66 (Tex. 1920)); Texas Dep't of
Pub. Safety v. Dawson, 360 S.W.2d 860, 862 (Tex. Civ. App.--Dallas 1962, no writ) (Safety
Responsibility Law specifying Department of Public Transportation to suspend driver's license
within sixty days of receipt of report of accident held directory on the basis that it was "not the
legislative intent to deny the benefits of the Act to the citizens of the State merely because the
Department might fail to act within the . . . period in question"); McKee v. State, 318 S.W.2d
113, 116-117 (Tex. Civ. App.--Amarillo 1958, writ ref'd n.r.e.) (statutory provision requiring
hearing of forfeiture of motor vehicle used in contraband to be held within 30 days of owner's
filing of verified answer held to be directory and thus did not invalidate trial court proceedings). 
If the legal consequence of failing to comply with a directory provision were the same as that for
failing to comply with a mandatory provision, there would be no meaningful distinction between
the two. See Honts v. Shaw, 975 S.W.2d 816, 823-24 (Tex. App.--Austin 1998, no pet.).

 The fundamental rule in statutory construction is to determine and give effect to the
legislature's intent. Liberty Mut. Ins. Co. v. Garrison Contractors, Inc., 966 S.W.2d 482, 484
(Tex. 1998); Chisholm v. Bewley Mills, 287 S.W.2d 943, 945 (Tex. 1956). When, as in this case,
the statute is silent about consequences of noncompliance, we look to the statute's purpose in
determining the proper consequence of noncompliance. Hines v. Hash, 843 S.W.2d 464, 468
(Tex. 1992). Laws subjecting intoxicated motorists to suspensions of driving licenses are intended
to remove dangerous drivers from roadways to protect both themselves and other motorists. This
Court has found that statutes such as the directory provision prescribing the time in which an
administrative hearing on such suspension will be held are "designed to promote the 'proper,
orderly, and prompt conduct of business.'" Guerra, 970 S.W.2d at 650 (citing Lewis, 540
S.W.2d at 310). In Dawson, the court noted that since the purpose behind suspension of licenses
under the Safety Responsibility Act was to "encourage safer use of motor vehicles on the streets
and highways of Texas and to deny the privilege of driving to reckless [drivers]," it was
appropriate to suspend the license of a motorist who had violated the Act, regardless of the
Department's failure to comply with the Act's 60-day provision for serving notice of suspension. 
360 S.W.2d at 862; see also Chisholm, 287 S.W.2d at 945; Uvalde, 145 S.W. at 312; Fox, 133
S.W.2d at 990. In Fox, this Court observed:

 

Those directions which are not of the essence of the thing to be done, but which are
given with a view merely to the proper, orderly and prompt conduct of the
business, and by the failure to obey the rights of those interested will not be
prejudiced, are not commonly to be regarded as mandatory; and if the act is
performed, but not in the time or in the precise mode indicated, it will still be
sufficient, if that which is done accomplishes the substantial purpose of the statute.


133 S.W.2d at 990 (quoting Sutherland on Statutory Construction § 611, at 1114) (emphasis
added). In the same decision, this Court referenced the general rule concerning the duties of
public officials regarding statutes specifying time limits for performing certain acts:


Provisions regulating the duties of public officers and specifying the time for their
performance are in that regard generally directory. Though a statute directs a thing
to be done at a particular time, it does not necessarily follow that it may not be
done afterwards. In other words, as the cases universally hold, a statute specifying
a time within which a public officer is to perform an official act regarding the
rights and duties of others is directory, unless the nature of the act to be performed,
or the phraseology of the statute, is such that the designation of time must be
considered as a limitation of the power of the officer.


Id. (quoting Sutherland, supra, § 612 at 1117) (emphasis added); see also Albertson's, Inc. v.
Sinclair, 984 S.W.2d 958, 961-62 (Tex. 1999) (even mandatory provisions do not necessarily
require compliance for court to have jurisdiction).

 With respect to the present case, it is inescapable that a violation of the 40-day
provision does not invalidate the suspension, at least in the absence of a clear showing of bad faith
by the Department. No such showing was made or attempted here. Under the present
circumstances, whatever consequences can be visited upon the state for failing to satisfy the
directory provision of conducting an administrative hearing within 40 days of the suspension
notice, an adverse summary judgment is not one of them. (3)


CONCLUSION

 Because we conclude that the Department's departure from the directory provision
requiring an administrative hearing within 40 days of notice of license suspension is not
jurisdictional and does not, under the present facts, give rise to any inference of bad faith by the
Department, we sustain the Department's point of error and reverse the county court's judgment;
we remand the cause to the county court at law for further proceedings.



 J. Woodfin Jones, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Remanded

Filed: August 12, 1999

Publish
1. Section 724.041(b) provides: "A hearing shall be held . . . before the effective date of the
notice of suspension or denial." Code § 724.041(b). Section 724.035(d) provides: "A suspension
or denial takes effect on the 40th day after the date on which the person: (1) receives notice of
suspension or denial . . . ." Id. § 724.035(d).
2. Section 524.032(a) provides, in relevant part: "A hearing requested . . . shall be held before
the effective date of the suspension." Code § 524.032(a). Section 524.021 provides: "(a) A
driver's license suspension under this chapter takes effect on the 40th day after the date the person:
(1) receives a notice of suspension . . . ." Id. § 524.021.
3. We note some apparent confusion in the trial court about whether the defect alleged by Dear
was jurisdictional or non-jurisdictional. The distinction does not affect the outcome of this appeal. 
Whether the trial court intended to "vacate" the ALJ's decision (indicating a jurisdictional defect)
or "reverse" the decision (indicating a ruling on the merits), its ruling was in error. Either way,
therefore, we must reverse the court's judgment and remand the cause for further proceedings.




regardless of the
Department's failure to comply with the Act's 60-day provision for serving notice of suspension. 
360 S.W.2d at 862; see also Chisholm, 287 S.W.2d at 945; Uvalde, 145 S.W. at 312; Fox, 133
S.W.2d at 990. In Fox, this Court observed:

 

Those directions which are not of the essence of the thing to be done, but which are
given with a view merely to the proper, orderly and prompt conduct of the
business, and by the failure to obey the rights of those interested will not be
prejudiced, are not commonly to be regarded as mandatory; and if the act is
performed, but not in the time or in the precise mode indicated, it will still be
sufficient, if that which is done accomplishes the substantial purpose of the statute.


133 S.W.2d at 990 (quoting Sutherland on Statutory Construction § 611, at 1114) (emphasis
added). In the same decision, this Court referenced the general rule concerning the duties of
public officials regarding statutes specifying time limits for performing certain acts:


Provisions regulating the duties of public officers and specifying the time for their
performance are in that regard generally directory. Though a statute directs a thing
to be done at a particular time, it do