TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Michelle Renee WHITEFIELD, Appellee.

No. 10–98–214–CV.

Court of Appeals of Texas, Waco.

Sept. 19, 2001.

James Kuvet, Hearings Attorney, Texas Department of Public Safety, McAllen, James M. Kuboviak, Brazos County Attorney, Bryan, for appellant.

Norbert C. Mahnke, O'Connor & Associates, Bryan, for appellee.

Before Chief Justice DAVIS, and VANCE, and GRAY, Justices.

## OPINION

VANCE, Justice.

Michelle Rene Whitefield was arrested on November 20, 1997, for driving while intoxicated. She consented to a breath test, which she failed. Consequently, she was at risk for a suspension of her driver's license by the Texas Department of Public Safety. TEX. TRANSP. CODE ANN. § 524.012(b) (Vernon 1999). In accordance with the statute, the arresting officer served her at that time with a "Notice of Suspension." Id. § 524.011(b)(1) (Vernon 1999). A suspension goes into effect forty days after the notice is personally given. Id. § 524.021(a)(1) (Vernon Supp. 2001). The decision to suspend is a civil matter. Id. § 524.012(e) (Vernon 1999).[1]

After receiving the notice, Whitefield made a request for a hearing before an administrative law judge ("ALJ"), to which she was entitled under section 524.031.

Id. § 524.031 (Vernon 1999). Section 524.032(a) says that the hearing "shall" be held before the suspension goes into effect. Id. § 524.032(a) (Vernon 1999). The hearing was held on January 7, 1998, forty-eight days after Whitefield was given the notice by the arresting officer. Whitefield argued to the ALJ that because the hearing was not being held within the forty days, the administrative court had lost jurisdiction to conduct the hearing. Furthermore, because her license could not be suspended unless and until the ALJ conducted a hearing and made the statutorily required findings, and as the ALJ was without jurisdiction to conduct the hearing, her license could not be suspended at all. Id. § 524.012(d), 524.032(d), 524.035 (Vernon 1999). The ALJ denied the objection, made the necessary findings, and authorized DPS to suspend the license.

Whitefield appealed to the County Court at Law.[2] Id. § 524.041 (Vernon 1999). That court agreed with her argument and issued an order reversing the ALJ's decision. DPS appealed to this court from that order. We dismissed for want of jurisdiction, finding: (1) there was insufficient evidence in this civil case that the amount in controversy was over $100 (TEX. CIV. PRAC. & REM.CODE ANN. § 51.012 (Vernon 1997)), and (2) under section 2001.901 of the Government Code: "A party may appeal a final **district court** judgment under this chapter in the manner provided for civil actions generally." TEX. GOV'T CODE ANN. § 2001.901 (Vernon 2000)[3] (emphasis added).

---

1. Notice can also be provided later by correspondence from DPS. TEX. TRANSP. CODE ANN. §§ 524.013, 524.014 (Vernon Supp.2001 and Vernon 1999). Notice is presumed received on the fifth day after DPS mails it. Id. § 524.013(b).

2. TEX. TRANSP. CODE ANN. § 524.042(d) (Vernon 1999) (suspension is stayed for ninety days

after the case is appealed to the county court at law).

3. "[T]his chapter," chapter 2001 of the Government Code entitled "Administrative Procedure," is the Administrative Procedure Act. It sets forth, inter alia, procedures for administrative hearings before ALJ's.

■ We now believe that section 2001.901 does not apply to chapter 524 driver's license suspensions. We base our belief on the fact that under chapter 2001, an appeal from an ALJ's decision must be filed in a Travis County district court. *Id.* § 2001.176 (Vernon 2000). However, an appeal from a chapter 524 suspension is filed in the county court at law, or if there is none, in the county court, in the county in which the arrest occurred. TEX. TRANSP. CODE ANN. § 524.041. These cannot be reconciled. Therefore, section 2001.901 of the Government Code does not apply to chapter 524 appeals.

As for the other ground on which we found no jurisdiction, *i.e.,* the amount in controversy, after DPS appealed our ruling to the Texas Supreme Court, in a companion case the Court held that the amount in controversy in driver's license suspension cases does exceed the $100 jurisdictional requirement, and therefore courts of appeals can review these cases. *Texas Dep't of Pub. Safety v. Barlow,* 48 S.W.3d 174, 2001 WL 490930 (Tex. May 10, 2001). The Court also held that the courts of appeals have jurisdiction over driver's license suspensions under their general grant of authority contained in TEX. CONST. art. V, § 6. Shortly after *Barlow* was decided, the Court reversed our decision in this appeal and remanded it to us for further review.

■ Under facts and issues virtually identical to the present case, the Austin and San Antonio courts have held that failure to hold the hearing within the forty days is not fatal. In *Texas Dep't of Pub. Safety v. Guerra,* 970 S.W.2d 645 (Tex. App.—Austin 1998, pet. denied), the Austin court held that although chapter 524 requires that the administrative hearing be held within forty days, this requirement is "directory" and not "mandatory." The Court cited *Chisholm v. Bewley Mills,* 155 Tex. 400, 287 S.W.2d 943, 945 (1956): "... consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. ..." Four reasons were given for the court's conclusion: (1) sections 524.032 and 524.039 provide for continuances of the hearing, but are silent about the hearing being rescheduled within the forty days; (2) DPS does not have complete control over all the factors which impinge on when a hearing can be held, and "it would be unreasonable to punish the Department for acts that are not within its control"; (3) the Legislature has provided no consequences if the forty-day requirement is not met, and "the absence of words ... stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction," (citing *Bewley Mills,* 287 S.W.2d at 945); (4) chapter 524 provides the safeguard of a stay of the driver's license suspension until after the hearing, thereby protecting the driver from a suspended license merely because the hearing date is protracted. *Guerra,* 970 S.W.2d at 648–49. The Court also held that if the hearing occurs after forty days, DPS must show "good cause" if it contributed to the delay. *Id.* at 650.

The San Antonio court in *Texas Dep't of Pub. Safety v. Vela,* 980 S.W.2d 672 (Tex. App.—San Antonio 1998, no pet.), followed *Guerra* and for the same reasons.

We agree with the Austin and San Antonio courts. There is a forty-day requirement, but it is directory, not mandatory. As such, its violation does not deprive the ALJ of jurisdiction. *See Texas Dep't of Pub. Safety v. Dear,* 999 S.W.2d 148, 151–52 (Tex.App.—Austin 1999, no pet.) (discussing "jurisdiction"). There may be a penalty, *i.e.,* the invalidation of the suspension, if there is a clear showing of bad faith by DPS that resulted in the hearing being

held after the forty-day period. In the present case, however, there was evidence that hearings before the ALJ were held one day each week at the courthouse in Brazos County. The two previous designated dates prior to Whitefield's hearing were December 24, on which the courthouse was closed, and December 31, New Year's Eve. We find this is "good cause" for the eight-day delay in the date of the ALJ hearing.

The same result has been reached in cases under chapter 724 of the Transportation Code which pertains to driver's license suspensions for failure to give a breath sample. *E.g., Balkum v. Texas Dep't of Pub. Safety*, 33 S.W.3d 263, 267–68 (Tex. App.—El Paso 2000, no pet.); *Dear*, 999 S.W.2d at 153; *Texas Dep't of Pub. Safety v. Salas*, 977 S.W.2d 845 (Tex.App.—Austin 1998, no pet.).

The judgment ("Order") of the County Court at Law reversing the decision of the ALJ is reversed. The petition filed by Whitefield in the County Court at Law alleges grounds in addition to the jurisdictional ground for reversal of the ALJ's decision. The "Order" issued by the County Court at Law judge is not specific about the reasons for the reversal of the ALJ's decision, nor are there any findings of fact or conclusions of law in the record. The transcript of the hearing in the County Court at Law reveals that only the jurisdictional ground was addressed. Therefore, we will assume the other grounds were not taken up by the judge. Accordingly, we remand to the County Court at Law for further proceedings regarding the other grounds in Whitefield's petition.