TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

Robert Neal SWEENY, Appellee.

No. 14–01–00538–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 11, 2002.

Bennie Theresa Brown, Houston, Kevin M. Givens, Austin, Elvis G. Schulze, Spicewood, for appellant.

Michael Echevarria, Angleton, for appellee.

Panel consists of Chief Justice BRISTER and Justices ANDERSON and FROST.

## OPINION

JOHN S. ANDERSON, Justice.

Texas Department of Public Safety (DPS) appeals the trial court's order reversing an Administrative Law Judge's (ALJ) decision sustaining DPS's suspension of Robert Neal Sweeny's driver's license. We reverse the County Court at Law's judgment and affirm the ALJ's order.

### FACTUAL AND PROCEDURAL BACKGROUND

On August 17, 2000, at 11:50 p.m., DPS Officer Rex Walker observed Sweeny's truck weaving from side to side, swerving across the lane divider, failing to drive within a single lane, and almost colliding

with another vehicle. Officer Walker stopped Sweeny's truck and asked Sweeny to get out. Sweeny was unsteady on his feet, had glassy eyes, and slurred speech. Officer Walker also detected a strong odor of alcohol. Officer Walker administered, and Sweeny failed, the horizontal gaze nystagmus, the one-leg stand, and the walk and turn tests. Once transported to the Brazoria County Jail, Sweeny was read the appropriate statutory warnings [1] and asked to submit a specimen of his breath. He refused.

Sweeny was arrested for driving while intoxicated. He timely requested a hearing to contest the suspension of his driver's license. The hearing was held on October 9, 2000, over fifty days after Sweeny received notice of his suspension. Before the hearing, Sweeny filed a motion to dismiss, alleging the State Office of Administrative Hearings (SOAH) was required to hold a hearing within forty days of the date he received notice of his suspension. *See* TEX. TRANSP. CODE ANN. §§ 724.035(d), 724.041(b) (Vernon 1999).[2] The ALJ overruled Sweeny's motion and authorized suspension of his license. Sweeny appealed to the County Court at Law, which reversed the ALJ's decision, and this appeal ensued.

## ISSUES FOR APPEAL

DPS asserts three issues on appeal: the court below erred in (1) dismissing the license suspension; (2) requiring DPS to show good cause in order to hold a hearing outside the forty-day period; and (3) hold-

ing the forty-day requirement is mandatory and Sweeny's substantial rights were harmed as a result of the error. The crucial issue on appeal is whether the forty-day statutory time period set forth in Chapter 724 is mandatory. We hold that violation of the forty-day requirement does not invalidate a license suspension, absent a clear showing of bad faith on the part of DPS.

This is a question of law subject to de novo review. *In re Humphreys*, 880 S.W.2d 402, 404 (Tex.1994); *Texas Dep't of Public Safety v. Dear*, 999 S.W.2d 148, 150 (Tex.App.-Austin 1999, no pet.). A driver's license suspension under the Texas Transportation Code takes effect on the fortieth day after the date the person receives notice of license suspension. TEX. TRANSP. CODE ANN. §§ 524.021(a), 724.035(d) (Vernon 1999). The Transportation Code provides that, once a hearing is requested, the hearing shall be held before the effective date of the suspension. *Id.* §§ 524.032(a), 724.041(b) (Vernon 1999). This language suggests that, when a hearing is requested, the hearing must take place within forty days of a licensee's receipt of the notice of suspension. Sweeny argues that this a mandatory time period within which DPS must commence a hearing. DPS contends that the Transportation Code, when considered in its entirety and in conjunction with the Texas Administrative Code, does not contemplate a mandatory forty-day rule.

In *Texas Department of Public Safety v. Guerra*, the Austin Court of Appeals ad-

---

1. These warnings include notice that refusal to provide a blood or breath specimen will trigger automatic suspension of that person's driver's license. *See* TEX. TRANS. CODE ANN. § 724.015(2) (Vernon 1999).

2. A hearing shall be held before the effective date of the notice of suspension. TEX. TRANSP. CODE ANN. § 724.041(b). A suspension takes

effect on the fortieth day after the date on which the person received notice of suspension or is considered to have received notice of suspension. *Id.* § 724.035(d). If the DPS officer does not serve notice at the time of the refusal, notice is considered received on the fifth day after the date it is mailed. *Id.* § 724.033(b).

dressed this issue and resolved it in favor of DPS. 970 S.W.2d 645 (Tex.App.-Austin 1998, pet. denied). Although the Transportation Code does not specifically provide that a hearing must be held within forty days of notice of suspension, the *Guerra* court agreed that the interplay between sections 524.021 and 524.032(a) suggests that such a requirement was the probable intent of the Legislature.[3] *Guerra*, 970 S.W.2d at 648. However, the court, following the Texas Supreme Court's instructions for interpreting whether a statute is mandatory or directory, determined that the forty-day rule created by the two sections is merely directory. *See id.* at 648–50 (citing *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943 (1956)). We agree.

▬▬ In *Chisholm,* the Texas Supreme Court stated that:

[i]n determining whether the Legislature intended the provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly, and prompt conduct of business, are not generally regarded as mandatory. If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a

circumstance tending to support a directory construction.

155 Tex. 400, 287 S.W.2d at 945.

In following the Texas Supreme Court's directive, the *Guerra* court noted that some provisions in Chapter 524 of the Transportation Code suggest that suspension hearings may be held later than forty days after notice of suspension. 970 S.W.2d at 648 (citing *Chisholm,* 287 S.W.2d at 945). Both the licensee and DPS are permitted to reschedule a hearing, and nothing in the Transportation Code requires the rescheduled hearing to be held in the forty-day time period. *Id.* (citing TEX. TRANSP. CODE ANN. §§ 524.032(b), (c), 524.039). In fact, the Transportation Code provides that a license suspension is stayed until the date of a final decision by the administrative law judge. TEX. TRANSP. CODE ANN. §§ 524.032(d), 524.037, 724.041(c) (Vernon 1999). Such provisions would be unnecessary if the forty-day rule were mandatory.

Next, the *Guerra* court recognized that pursuant to section 524.033 of the Transportation Code, all hearings are required to be heard by an ALJ employed by SOAH. *Guerra,* 970 S.W.2d at 649. Therefore, DPS is subject to another agency's timetable, and it is plausible that calculation and scheduling problems could arise through no fault of DPS. *Id.* Holding the forty-day rule mandatory under these circumstances would unreasonably punish DPS and allow a licensee to take advantage of a mistake that may have been caused by his own inadvertence. *Id.* (discussing *Texas Dep't of Public Safety v. Meredith,* 753 S.W.2d 191 (Tex.App.-Dallas 1988, no writ); *Balios v. Texas Dep't of*

---

**3.** Sections 524.021 and 524.032(a) are part of Chapter 524 of the Transportation Code, entitled "Administrative Suspension of Driver's License for Failure to Pass Test For Intoxication." These two sections essentially duplicate sections 724.035(d) and 724.041(b), respectively, which are part of Transportation Code Chapter 724, entitled "Implied Consent."

*Public Safety,* 733 S.W.2d 308 (Tex.App.-Amarillo 1987, writ ref'd)).

■ The *Guerra* court further noted the Legislature's failure to attach a consequence when a hearing is held outside the forty-day period, observing that the "absence of words stating the consequences of a failure to act within the time specified" supports a conclusion that a statute is directory. *Id.* (quoting *Chisholm,* 287 S.W.2d at 945). The Legislature could have easily implemented consequences for noncompliance if it had intended a mandatory forty-day requirement. Finally, the *Guerra* court pointed out that the Transportation Code provides safeguards for licensees. *Id.* at 649. For example, a suspension is stayed until the ALJ renders a final decision or until ninety days after an appeal is filed with the county court. *Id.* (citing Tex. Transp. Code Ann. §§ 524.032(d), 524.042).

■ For these reasons, we hold the forty-day provision is directory. *See id.; Balkum v. Texas Dep't of Public Safety,* 33 S.W.3d 263, 268 (Tex.App.-El Paso 2000, no pet.) (holding that failure to hold hearing within forty days did not deprive ALJ of jurisdiction to conduct the hearing nor did it deprive DPS of jurisdiction to suspend the license); *Dear,* 999 S.W.2d at 153 (holding that provisions requiring administrative hearings on license suspensions to be held within forty days of notice of suspension are directory); *Texas Dep't of Public Safety v. Vela,* 980 S.W.2d 672, 674 (Tex.App.-San Antonio 1998, no pet.) (holding that provisions requiring administrative hearings on license suspensions to be held within forty days of notice of suspension are not mandatory). In *Texas Department of Public Safety v. Repschleger,* this Court stated in dicta that failure to set a hearing within the time period results in DPS's forfeiture of the right to suspend a defendant's license. 951 S.W.2d 932, 935

(Tex.App.-Houston [14th Dist.] 1997, no writ). We are no longer persuaded this obiter dictum in *Repschleger* is an accurate statement of the law.

■ Following the reasoning in *Dear,* we further hold that failure to hold the hearing within forty days does not deprive the administrative agency of jurisdiction absent a clear showing of bad faith on the part of DPS. 999 S.W.2d at 152–53. Sweeny made no showing of bad faith at the administrative hearing, or on appeal to the County Court at Law. Accordingly, we sustain DPS's points of error.

### CONCLUSION

On appeal to the County Court at Law, Sweeny also argued in his petition that he was not intoxicated and the DPS officer did not have probable cause to stop him. Later he told the trial court that there was only one issue before the court: the forty-day rule. At oral argument, Sweeny conceded that his probable cause argument had been waived for purposes of this appeal. Therefore, we will not address it. We reverse the County Court at Law's judgment and affirm the ALJ's order authorizing suspension of Sweeny's driver's license.