**Dale Joseph SULLIVAN, Appellant,**

v.

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellee.**

**No. 09–01–497 CV.**

Court of Appeals of Texas, Beaumont.

Submitted May 27, 2002.

Delivered Dec. 19, 2002.

**150**

Steve Parkhurst, Law Office of Tommy Gunn, Orange, for appellant.

David O. Wise, for Texas Department of Public Safety, Austin, for appellee.

Before WALKER, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

RONALD L. WALKER, Chief Justice.

The Texas Department of Public Safety (DPS) notified Dale Joseph Sullivan it had revoked his license to carry a concealed handgun. On October 17, 2000, Sullivan requested a hearing pursuant to TEX. GOV'T CODE ANN. §§ 411.180, 411.186 (Vernon Supp.2003). On February 6, 2001, DPS filed a petition for administrative hearing. A hearing was held on February 27, 2001. The Orange County Justice Court for Precinct 2, reversed DPS's action, stating the revocation was not supported by a preponderance of the evidence and the hearing was not held within 60 days in accordance with Section 411.180(b) of the Texas Government Code.[1] DPS appealed to County

Court at Law of Orange County, Texas and a hearing was held June 28, 2001. The trial court affirmed the revocation. Raising two issues, Sullivan appeals the trial court's order.

Sullivan contends the County Court at Law lacked jurisdiction over DPS's appeal because DPS failed to meet the deadlines imposed by Section 411.180(b). Sullivan further argues the deadlines set forth in Section 411.180(b) are mandatory, not directory, therefore DPS was not allowed to proceed after the passing of the deadline.

Section 411.180 is entitled, "Notification of Denial, Revocation, or Suspension of License; Review." The subsections pertinent to this appeal are reproduced as follows:

(a) The department shall give written notice to each applicant for a handgun license of any denial, revocation, or suspension of that license. Not later than the 30th day after the notice is received by the applicant, according to the records of the department, the applicant or license holder may request a hearing on the denial, revocation, or suspension.... On receipt of a request for hearing from a license holder or applicant, the department shall promptly schedule a hearing in the appropriate justice court in the county of residence of the applicant or license holder. The justice court shall conduct a hearing to review the denial, revocation, or suspension of the license. In a proceeding under this section, a justice of the peace shall act as an administrative hearing officer. A hearing under this section is not subject to Chapter 2001 (Administrative Procedure Act)....

---

1. Although the Justice Court's order of March 7, 2001, is not part of the appellate record before this court, it is included as an appendix to appellant's brief. Appellee quotes from the order and does not dispute the authenticity of the appendix. .

(b) The department, on receipt of a request for hearing, shall file the appropriate petition in the justice court selected for the hearing and send a copy of that petition to the applicant or license holder at the address contained in departmental records. A hearing under this section must be scheduled within 30 days of receipt of the request for a hearing. The hearing shall be held expeditiously but in no event more than 60 days after the date that the applicant or license holder requested the hearing. The date of the hearing may be reset on the motion of either party, by agreement of the parties, or by the court as necessary to accommodate the court's docket.

(c) The justice court shall determine if the denial, revocation, or suspension is supported by a preponderance of the evidence. Both the applicant or license holder and the department may present evidence. The court shall affirm the denial, revocation, or suspension if the court determines that denial, revocation, or suspension is supported by a preponderance of the evidence. If the court determines that the denial, revocation, or suspension is not supported by a preponderance of the evidence, the court shall order the department to immediately issue or return the license to the applicant or license holder.

. . . .

(e) A party adversely affected by the court's ruling following a hearing under this section may appeal the ruling by filing within 30 days after the ruling a petition in a county court at law in the county in which the applicant or license holder resides or, if there is no county court at law in the county, in the county court of the county.... The trial on appeal shall be a trial de novo without a jury....

Because we believe this appeal turns on an understanding of the doctrines of "primary vs. exclusive" jurisdiction *vis-a-vis* the administrative agency/judicial review dynamic, a brief description of each doctrine is in order. An agency has "exclusive" jurisdiction when the Legislature gives the agency alone the authority to make the initial determination in a dispute. *See Cash America Int'l Inc. v. Bennett,* 35 S.W.3d 12, 15 (Tex.2000). When the Legislature vests exclusive jurisdiction in an agency, exhaustion of administrative remedies is required. *Id.* Exhaustion of remedies is designed primarily to control the timing of judicial relief from adjudicative action of an agency. *Id.* Exhaustion of remedies requires a party in an administrative proceeding to await that proceeding's completion, thereby securing all available administrative relief before seeking judicial review of the agency's action. *Id.* When exhaustion is required, courts may review the administrative action only at the time and in the manner designated by statute. *Id.*

■■■ "Primary" jurisdiction is an administrative law doctrine that arises when a court and an agency have concurrent original jurisdiction over a dispute. *Id.* at 18. In such a case, courts must ask whether the policies underlying the primary jurisdiction doctrine require the court to defer to the agency's expertise and responsibility to develop regulatory policy. *Id.* The primary jurisdiction doctrine requires courts to defer to the administrative agency only when the claim's enforcement requires the resolution of issues that are "within the special competence of an administrative body...." *See Southwestern Bell Tel. Co. v. Public Util. Comm'n of Texas,* 735 S.W.2d 663, 669–70 n. 3 (Tex.App.-Austin 1987, no writ)(quoting *United States v. Western Pac. R.R.*

*Co.,* 352 U.S. 59, 63–65, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956)).

■ In the instant case, the provisions of Section 411.180 can be characterized as a "species" of the "exclusive vs. primary" jurisdiction doctrine. There is the initial decision by the "agency" (Department of Public Safety) but initial review of the "agency's" decision is not by Department personnel, but by a justice of the peace "act[ing] as an administrative hearing officer." Furthermore, while the general rule is that judicial review of an "agency's" determination is limited to the reviewing court sitting in an appellate capacity and forbidden to substitute its judgment for that of the "agency," *see* Administrative Procedure Act, TEX. GOV'T CODE ANN. § 2001.174 (Vernon 2000), Section 411.180 explicitly provides that the Administrative Procedure Act provisions are not applicable, and also explicitly provides that "review" on the county court at law level is to be a trial de novo without a jury.

■ Because of the somewhat unique provisions contained in Section 411.180, we see each "level" of review of the Department's initial denial, revocation, or suspension to have its own exclusivity. For example, Section 411.180(a), (b), and (c) set out requirements exclusive to securing an administrative hearing by the licensee or applicant upon notice from the Department's denial, revocation, or suspension of the concealed handgun license. In the instant case, the ruling by the administrative hearing officer was somewhat confusing in that it appears to be denying its own authority to act while at the same time issuing the substantive ruling that the Department's revocation was not supported by a preponderance of the evidence. At any rate, once this ruling was handed down by the administrative hearing officer, the "party adversely affected" was entitled to a trial de novo in the appropriate county court or county court at law so long as said party "fil[ed] within 30 days after the ruling a petition" in said appropriate county court. The Department's "appeal" to the County Court at Law of Orange County was timely, thus vesting jurisdiction in said court to conduct a trial de novo on the revocation of Sullivan's license. Based upon the clear language set out in Section 411.180(e), this jurisdiction was exclusive to the County Court at Law. Therefore, because the County Court at Law was authorized by the Legislature to determine the propriety of the revocation of Sullivan's license *de novo,* the fact that the administrative hearing officer may have ruled that it was without jurisdiction because of the lateness of the hearing date is of absolutely no consequence. In *Key Western Life Ins. Co. v. State Bd. of Ins.,* 163 Tex. 11, 350 S.W.2d 839, 846 (1961), the Supreme Court noted the following with regard to trial de novo:

> ... Review by trial de novo has all the attributes of an original action in the reviewing court. The trial court must weigh the evidence by the "preponderance of the evidence" standard. Trial de novo has been defined as "A new trial or retrial had in an appellate court in which the whole case is gone into as if no trial whatever had been had in the court below."

Trial de novo, therefore, is not an "appeal," but is a new and independent action. *See GATX Terminals Corp. v. Rylander,* 78 S.W.3d 630, 634 (Tex.App.-Austin 2002, no pet.).

In the instant case, it is clear that the parties had exhausted the administrative process as set out in Section 411.180(a), (b), and (c) for review of the propriety of the Department's revocation of Sullivan's license. Exclusive jurisdiction was vested in the administrative hearing officer for this preliminary review per subsections (a),

(b), and (c) of Section 411.180. Thereafter, the adversely affected party, the Department, timely and properly initiated proceedings in the County Court at Law in Orange County per the provisions of Section 411.180(e). This invoked the exclusive and independent jurisdiction of the County Court at Law and permitted said court to conduct a trial de novo on the issue of the propriety of the license revocation. The trial judge in the County Court at Law was not limited to what evidence was presented to the administrative hearing officer nor was the trial judge restricted by any previous findings or rulings of the administrative hearing officer. We therefore overrule both of Sullivan's appellate issues. The judgment of the trial court affirming the license revocation is affirmed.

AFFIRMED.

DON BURGESS, Justice, dissenting.

I respectfully dissent. The majority decides this case based upon the "primary vs. exclusive" jurisdiction doctrine, *vis a vis*, administrative and judicial review. Even under the majority's flawed analysis, they reach the wrong conclusion. If the legislature meant for the expertise of the administrative hearing in the Justice Court to be paramount, then the 60 day deadline is mandatory as to the exhaustion of administrative remedies. Consequently, the failure to meet the deadline, when viewed as a failure to exhaust administrative remedies, deprives the County Court at Law of jurisdiction to hear the appeal as a trial de novo.

However, I believe the case should be analyzed as argued by Sullivan. It is well-settled that a statute such as the one sought to be construed in the present case is mandatory, not directory. In *State v. Fox*, 133 S.W.2d 987, 990 (Tex.Civ.App.-

Austin 1939, writ ref'd) (emphasis added), the court noted:

The general rule relating to the construction of statutory law prescribing the time for the performance of the duties of public officials is well stated in 46 C.J. 1037, § 306, as follows: "As a rule a statute prescribing the time within which public officers are required to perform an official act is merely directory, *unless it denies the exercise of the power after such time* or the nature of the act or the statutory remedy shows that the time was intended as a limitation."

Mr. Sutherland, at page 1117, § 612, of his book on Statutory Construction, also states the rule to be as follows: "Provisions regulating the duties of public officers and specifying the time for their performance are in that regard generally directory. Though a statute directs a thing to be done at a particular time, it does not necessarily follow that it may not be done afterwards. In other words, as the cases universally hold, a statute specifying a time within which a public officer is to perform an official act regarding the rights and duties of others is directory, unless the nature of the act to be performed, or the phraseology of the statute, is such that the designation of time must be considered as a limitation of the power of the officer."

The Supreme Court of Texas acknowledged the continued soundness of *Fox* in the far more recent case of *Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d 934 (Tex.1983). In *Schepps*, 652 S.W.2d at 936, the court quotes *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943, 945 (1956), for the general guidelines to determine whether a statutory provision is mandatory or directory:

There is no absolute test by which it may be determined whether a statutory

provision is mandatory or directory.... If the statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the time specified, may be considered as a circumstance tending to support a directory construction.

*See also Texas Dept. of Public Safety v. Guerra,* 970 S.W.2d 645, 648 (Tex.App.-Austin 1998, pet. denied) (quoting *Chisholm,* 287 S.W.2d at 945). More recently, in *Helena Chemical Co. v. Wilkins,* 47 S.W.3d 486, 495 (Tex.2001), the court noted, "[t]o determine whether a timing provision is mandatory, we first look to whether the statute contains a noncompliance penalty. If a provision requires that an act be performed within a certain time without any words restraining the act's performance after that time, the timing provision is usually directory."

Unlike the cases cited by DPS, *Guerra,* 970 S.W.2d at 645, *Balkum v. Texas Dep't of Public Safety,* 33 S.W.3d 263 (Tex.App.-El Paso 2000, no pet.), *Texas Dep't of Public Safety v. Dear,* 999 S.W.2d 148 (Tex.App.-Austin 1999, no pet.), and *Texas Dep't of Public Safety v. Salas,* 977 S.W.2d 845 (Tex.App.-Austin 1998, no pet.), the statute here provides the hearing shall be held *"in no event* more than 60 days after the date that the applicant or license holder requested the hearing." TEX. GOV'T CODE ANN. § 411.180(b) (Vernon Supp. 2003) (emphasis added). These are words which restrain "the doing thereof afterwards." *Chisholm,* 287 S.W.2d at 945. Accordingly, they are not directory, but mandatory.

The statute goes further and proscribes application of the Administrative Procedures Act to a hearing under section 411.180. *See* TEX. GOV'T CODE ANN. § 411.180(a) (Vernon Supp.2003). The legislature had several models from which to select a statutory scheme but chose to craft a unique procedure for revocation of handgun licenses.[1] It is not for this court to disregard the legislature's choice that the statute be mandatory.

The court in *Helena Chem. Co.* noted "[e]ven if a statutory requirement is mandatory, this does not mean that compliance is necessarily jurisdictional. When a statute is silent about the consequences of noncompliance, we look to the statute's purpose to determine the proper consequences." *See Helena Chemical Co.,* 47 S.W.3d at 494 (citations omitted). The statute in this case expressly proscribes performance of the act after the sixty-day time period. The statute therefore provides the penalty for noncompliance—the hearing cannot be held. Accordingly, I would hold the statute is not directory, but mandatory, and failure to comply is jurisdictional. *See Helena Chem. Co.,* 47 S.W.3d at 495. Consequently, I would sustain issues one and two.

Having found the statute is mandatory and its requirements are jurisdictional, I would conclude the County Court at Law should have dismissed DPS' appeal. Accordingly, I would reverse the judgment of the County Court at Law of Orange County, Texas and render in favor of Sullivan.

---

1. The issue of "Right to Carry" was hotly debated in political and legislative circles. It is certainly consistent that the legislature would prescribe specific, mandatory requirements when the government (DPS) was attempting to take away this "Right."