**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant/Cross–Appellee,**

v.

**Samuel Alexander FORSGARD, Appellee/Cross–Appellant.**

No. 12–01–00376–CV.

Court of Appeals of Texas, Tyler.

April 9, 2003.

David O. Wise, Austin, for appellant.

Sean P. Healy, Tyler, for appellee.

Panel consisted of WORTHEN, C.J., and GRIFFITH, J.

## OPINION

SAM GRIFFITH, Justice.

The Texas Department of Public Safety ("DPS") appeals the trial court's judgment rendered in favor of Samuel Alexander Forsgard ("Forsgard") ordering that DPS grant Forsgard's application for a license to carry a concealed handgun. DPS raises three issues on appeal. In a cross-appeal, Forsgard raises one issue, which we do not

reach. We reverse and remand for a new trial.

## BACKGROUND

More than twenty years ago, Forsgard was charged with delivery of marijuana. He pleaded guilty and was sentenced to deferred adjudicated probation. Forsgard completed his probation on February 29, 1980 and, as a result, received an order of discharge from the trial court.

In 1998, Forsgard applied for a license to carry a concealed handgun in Texas. Forsgard's request was denied. By letter dated August 25, 1998, Forsgard requested a hearing on the matter. Although Texas Government Code section 411.180(b) states that the DPS must schedule a hearing within thirty days of receipt of an applicant's request, DPS did not mail its corresponding request for hearing to the justice court until October 5, 1998.[1] *See* TEX. GOV'T CODE ANN. § 411.180(b) (Vernon Supp.2003). The justice court ultimately upheld the denial of Appellant's concealed handgun license.

Appellant next appealed the matter to the county court at law. Although DPS requested that the trial court consider evidence related to Forsgard's eligibility to receive the license, the court, based on DPS's failure to timely schedule a hearing, expressly found that Forsgard "met all statutory requirements to receive a license to carry a concealed handgun" and "was eligible for a license to carry a concealed handgun." On September 27, 2001, the county court at law entered a final order requiring the DPS to issue a concealed handgun license to Forsgard, and this appeal followed.

## STATUTORY CONSTRUCTION

In its third issue, DPS argues that even if it failed to timely schedule a hearing as Forsgard alleges, the trial court's conclusion that Forsgard must be issued a license to carry a concealed handgun was erroneous because the thirty-day scheduling time frame set forth in Texas Government Code section 411.180(b) is directory, not mandatory. Such an issue is a question of law subject to de novo review. *See Texas Dep't of Pub. Safety v. Sweeny*, 97 S.W.3d 597, 600 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

On receipt of a request for hearing from an applicant, the department shall promptly schedule a hearing in the appropriate justice court. *See* TEX. GOV'T CODE ANN. § 411.180(a) (Vernon Supp.2003). The Department, on receipt of a request for hearing, shall file the appropriate petition in the justice court selected for the hearing and send a copy of that petition to the applicant. *See* TEX. GOV'T CODE ANN. § 411.180(b). A hearing under this section must be scheduled within thirty days of receipt of the request for a hearing. *Id.*

In determining whether the Legislature intended a provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction. *Id.* (citing *Chisholm v. Bewley Mills*, 155 Tex. 400, 287 S.W.2d 943, 945 (1956)). Provisions which are not of the essence of the thing to be done, but which are included for the purpose of promoting the proper, orderly, and prompt conduct of business, are not generally regarded as mandatory. *Id.* If a statute directs, authorizes or commands an act to be done within a certain time, the absence of words restraining the doing thereof afterwards or stating the consequences of failure to act within the

1. DPS's request for hearing to the justice court is dated September 28, 1998.

time specified may be considered as a circumstance tending to support a directory construction. *Id.*

■ In the case at hand, although section 411.180(b) states that the DPS must schedule a hearing within thirty days of receipt of an applicant's request, the statute provides no consequences for DPS's failure to so act. Moreover, Texas Government Code section 411.177 outlines the circumstances under which the DPS may issue a license to carry a concealed handgun as follows:

> The department shall issue a license to carry a concealed handgun to an applicant if the applicant meets all the eligibility requirements and submits all the application materials.... The department shall administer the licensing procedures in good faith so that any applicant who meets all the eligibility requirements and submits all the application materials shall receive a license.

TEX. GOV'T CODE ANN. § 411.177(a) (Vernon Supp.2003). Nowhere in the government code subchapter concerning a license to carry a concealed handgun is a scenario addressed whereby a person may receive such a license by default irrespective of his eligibility to receive the license. *See generally* TEX. GOV'T CODE. ANN. § 411.171–.205 (Vernon Supp.2003).

Considering first the consequences of the construction of the statute as applied by the trial court in the instant case, it is apparent that a person who may otherwise not be eligible to receive a license to carry a concealed handgun could, in fact, receive such a license. Conversely, if we were to construe the statute as directory, the possibility exists that DPS might not act with the diligence anticipated by the statute and, as a result, persons who had been denied a license to carry a concealed handgun would be subject to undue delay in appealing such a decision. Forsgard cites several cases which he contends are analogous to the instant case and support the proposition that the language in question was intended to be mandatory. However, our review must focus on this particular statute as a whole and our consideration of the consequences arising from alternate constructions must be derived from this statute as well. Because the statutes in the cases cited by Forsgard are unrelated to the statute at issue, such cases, while potentially instructive, are not conclusive.

■ Having compared the consequences of opposing constructions, and considering the fact that the Legislature has not expressly envisioned any consequences for DPS's failure to comply with the aforementioned scheduling provisions, we conclude that the Legislature intended the language in section 411.180(b) concerning DPS's timetable to schedule a hearing to be directory and included it for the purpose of promoting the proper, orderly, and prompt conduct of business. In reaching our conclusion, we note that it is the duty of the Legislature to enact the laws, and the duty of the judiciary to construe, interpret, and uphold them. *See Turner v. Pugh,* 187 S.W.2d 598, 601 (Tex. Civ.App.-Amarillo 1945, no writ). The powers properly belonging to one branch of government may not be exerted by another. *See Ferguson v. Maddox,* 114 Tex. 85, 263 S.W. 888, 890 (1924). The courts may not invade the legislative field, but rather, must leave statutes as they find them. *See Burton v. Rogers,* 492 S.W.2d 695, 701 (Tex.Civ.App.-Beaumont 1973), *rev'd on other grounds,* 504 S.W.2d 404 (Tex.1973). In the instant case, had the Legislature intended that a person receive

a license to carry a concealed handgun as a result of DPS's lack of diligence, despite the fact that such a person might be, for example, under the age of twenty-one,[2] a convicted felon,[3] or a person diagnosed with schizophrenia[4] or intermittent explosive disorder,[5] it could have so stated. However, we will not invade the powers of the Legislature by divining new laws that were neither expressed nor intended. DPS's third issue is sustained.

### ELIGIBILITY FOR LICENSE

In its first issue, DPS argues that the trial court erred in concluding that Forsgard was eligible for a license to carry a concealed handgun without conducting a hearing on the merits of the case, specifically Forsgard's eligibility under section 411.172. Forsgard contends that DPS failed to meet its burden of proof in this regard.[6] In response, DPS argues that it requested that the trial court hear the merits of the case, but that the trial court declined to do so. Based on our review of the record, DPS did indeed make such a request, which was denied by the trial court because the trial court believed that the nature of the language in section 411.180(b) was conclusive of the issue before it and that a hearing on the merits was, therefore, unnecessary.

As set forth above, the language in section 411.180(b) is directory and the statute provides no consequences for DPS's failure to schedule a hearing in the time frame set forth therein. Thus, the trial court's conclusions of law that Forsgard "met all statutory requirements to receive a license to carry a concealed handgun" and "is eligible for a license to carry a concealed handgun" are not supported by the evidence because the trial court never reached the issue of eligibility[7] at trial despite multiple requests by DPS that evidence concerning Forsgard's eligibility be considered. DPS's first issue is sustained.[8]

### CONCLUSION

Having concluded (1) that the language in section 411.180(b) concerning DPS's time frame to schedule a hearing is directory and was included for the purpose of promoting the proper, orderly, and prompt conduct of business, (2) that the Legislature has not provided any consequences for DPS's failure to timely set a hearing, and (3) that the trial court's conclusions of law related to Forsgard's eligibility for a license to carry a concealed handgun are not supported by the evidence because the trial court failed to reach that issue, we have sustained Appellant's issues one and three.

2. See TEX. GOV'T CODE ANN. § 411.172(a)(2) (Vernon Supp.2003).

3. See TEX. GOV'T CODE ANN. § 411.172(a)(3) (Vernon Supp.2003).

4. See TEX. GOV'T CODE ANN. § 411.172(a)(5)(A) (Vernon Supp.2003).

5. See TEX. GOV'T CODE ANN. § 411.172(a)(5)(E) (Vernon Supp.2003).

6. See TEX. GOV'T CODE ANN. § 411.180(c) (Vernon Supp.2003) (the justice court shall determine if the denial, revocation, or suspension is supported by a preponderance of the evidence); see also McLendon v. Texas Dep't of Pub. Safety, 985 S.W.2d 571, 574 (Tex.App.-Waco 1998), rev'd on other grounds, Texas Dep't of Pub. Safety v. McLendon, 35 S.W.3d 632 (Tex.2000).

7. See TEX. GOV'T CODE ANN. § 411.172 (Vernon Supp.2003).

8. Due to our resolution of DPS's issues one and three, we do not reach DPS's second issue or Forsgard's cross-appeal related to attorney's fees.

Accordingly, we *reverse* the judgment of the trial court, and *remand* the cause for a new trial.