

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00185-CV

TOWN HALL ESTATES - ARLINGTON, INC.          APPELLANT

V.

LUCY CANNON          APPELLEE

-----------

## FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY

-----------

## OPINION

----------

This is an interlocutory appeal from the trial court's order denying Appellant Town Hall Estates – Arlington, Inc.'s motion to dismiss Appellee Lucy Cannon's healthcare liability claims for the alleged failure to timely file an expert report. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (Vernon Supp. 2010). Three days before her expert report was required to be served, Cannon nonsuited her healthcare liability suit against Town Hall Estates. She subsequently filed a new lawsuit asserting the exact same healthcare liability claims against Town Hall

Estates and served it with an expert report and a curriculum vitae. The primary issue we address in this appeal is whether, under the 2005 amendments to section 74.351, Cannon's nonsuit restarted the 120-day statutory time period for her to provide Town Hall Estates with an expert report.

Cannon filed suit on May 8, 2009. Her expert report was therefore required to be served on or before September 5, 2009. She nonsuited her suit on September 3, 2009. She refiled her suit on February 5, 2010. The first and second suits are identical. Cannon served the expert report and a curriculum vitae on Town Hall Estates on February 17, 2010.

The parties agree that, prior to the 2005 amendments to section 74.351(a), the nonsuit of a healthcare liability claim did not restart the 120-day period for serving an expert report. *See, e.g.*, *Runcie v. Foley*, 274 S.W.3d 232 (Tex. App.—Houston [1st Dist.] 2008, no pet.); *Daughtery v. Schiessler*, 229 S.W.3d 773 (Tex. App.—Eastland 2007, no pet.); *Mokkala v. Mead*, 178 S.W.3d 66 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). In 2005, the legislature amended section 74.351(a) so that instead of reading, "a claimant shall, not later than the 120th day after the date *the claim was filed*, serve on each party or the party's attorney one or more expert reports,"[1] it now reads, "a claimant shall, not later than the 120th day after the date *the original petition was filed*, serve on each

---

[1]*See* Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, 2003 Tex. Gen. Laws 847, 875 (amended 2005) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a)) (emphasis added).

2

party or the party's attorney one or more expert reports." Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (emphasis added). Cannon claims that this change of wording in the statute means that the 120-day time period to serve an expert report runs from the filing of an original petition, regardless of whether the suit has been previously nonsuited. Town Hall Estates argues that the change in wording, as evidenced by legislative history, was simply to clarify that the 120-day time period did not run from the date of service of the statutorily required notice letter.

This appeal turns solely on the construction of section 74.351(a). Statutory construction is a matter of law, subject to de novo review. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008). Our primary objective in statutory construction is to give effect to the legislature's intent. *See State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006).

We consider the words of the statute in context, not in isolation. *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). We rely on the plain meaning of the text unless a different meaning is supplied by legislative definition or is apparent from context or unless such a construction leads to absurd results. *City of Rockwall*, 246 S.W.3d at 625–26; *see also* Tex. Gov't Code Ann. § 311.011 (Vernon 2005) ("Words and phrases shall be read in context and construed according to the rules of grammar and common usage."). We should also read every word, phrase, and expression in a statute as if it were deliberately chosen and likewise presume that words

3

excluded from the statute are done so purposefully. *See Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535, 540 (Tex. 1981). We also presume that "the entire statute is intended to be effective" and that "a just and reasonable result is intended," Tex. Gov't Code Ann. § 311.021(2), (3) (Vernon 2005), and we consider such matters as the "object sought to be attained," "circumstances under which the statute was enacted," "legislative history," and "consequences of a particular construction." *Id*. § 311.023(1), (2), (3), (5) (Vernon 2005).

Cannon is correct that no cases exist construing the impact of a Texas Rule of Civil Procedure 162 nonsuit on the 2005 version of section 74.351(a). But, applying rules of statutory construction to the 2005 version of 74.351(a), we cannot agree that the change in the statute's language from "claim" to "original petition" alters the statute in the way propounded by Cannon. First, the plain language of the statute requires service of an expert report within 120 days of the filing of an original petition. Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a). Cannon filed an original petition on May 8, 2009. Under the plain language of the statute, her expert report was therefore required to be served by September 5, 2009. Nothing in the statute purports to alter this deadline. *See* Tex. Gov't Code Ann. § 311.011 (requiring us to give statutory language its plain meaning). Second, legislative history on the amendment demonstrates that the legislative intent in the change was to clarify that the time for serving an expert report ran from the filing of suit, not from the date of an insurance "claim." *See Hayes v. Carroll*, 314 S.W.3d 494, 499–502 (Tex. App.—Austin 2010, no pet.) (setting

4

forth bill analysis and noting that "primary purpose of the amendment was to clarify that the 120-day report deadline did not run from the date of the statutory notice letter" and that secondary purpose was to have the 120-day report deadline "triggered by the filing of the lawsuit"). Thus, neither legislative intent nor legislative history supports Cannon's construction of the provision. *See* Tex. Gov't Code Ann. § 311.023(3) (authorizing us to consider legislative history in construing statute). Third, a predecessor statute to section 74.351(a)[2] contained a provision expressly authorizing a plaintiff to file a nonsuit to avoid missing the deadline for serving an expert report; that provision was omitted from the current statute. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351. Presuming, as we must, that the legislature purposefully chose to exclude the nonsuit provision from the current version of the statute, we cannot judicially rewrite the statute to include such a provision. *See Cameron*, 618 S.W.2d at 540 (explaining that "every word excluded from a statute must also be presumed to have been excluded for a purpose"). Fourth, the objects sought to be obtained by the statute—that is, to reduce the frequency of healthcare liability claims, to decrease the costs of those claims, and to ensure that awards are related to actual damages—does not support the construction of the statute urged by Cannon. To permit a claimant to file and nonsuit a suit asserting a healthcare liability claim as many times as he or she wanted within the statute of limitations and to avoid

---

[2]*See* Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01(d) (repealed by Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.09, 2003 Tex. Gen. Laws 847, 884).

serving an expert report so long as each nonsuit occurred prior to the 120th day after the filing of the most recent petition would thwart these purposes. *See* Tex. Gov't Code Ann. § 311.023(1) (authorizing us to consider the object sought to be obtained by the statute). And finally, fifth, such a construction would be absurd because it would essentially rewrite the statute to eliminate the 120-day expert report deadline so long as a plaintiff repeatedly filed a nonsuit within 120 days of filing suit. *See id.* § 311.023(5) (authorizing us to consider the consequences of a particular construction in construing a statute). We hold that a claimant who nonsuits healthcare liability claims asserted against a particular healthcare provider and subsequently refiles the same healthcare liability claims against the same healthcare provider does not restart the 120-day time period for the service of an expert report and a curriculum vitae on that healthcare provider. For these reasons, the trial court abused its discretion by denying Town Hall Estates's motion to dismiss.

We sustain Town Hall Estates's sole issue. We reverse the trial court's order denying Town Hall Estates's motion to dismiss and remand this case to the trial court for Cannon's healthcare liability claims asserted against Town Hall Estates to be dismissed and for a hearing on attorneys' fees to be held as required by section 74.351 (b)(1) of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351(b)(1) (Vernon Supp. 2010). *See* Tex. R. App. P. 43.2(d).

SUE WALKER
JUSTICE

PANEL: GARDNER, WALKER, and GABRIEL, JJ.

DELIVERED: December 16, 2010