**Opinion issued January 31, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-11-00441-CV

————————————

**TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant**

**V.**

**DANISH MAHMOOD SHAIKH, Appellee**

**On Appeal from the County Court at Law No. 2**
**Fort Bend County, Texas**
**Trial Court Case No. 10-CCV-043005**

## O P I N I O N

After the Texas Department of Public Safety ("the Department") sent Danish

Mahmood Shaikh a notice revoking his concealed handgun license ("CHL") and

Shaikh requested a hearing on the revocation before the justice court, the court

denied the Department's petition to revoke. Upon the Department's appeal, the county court at law ruled that the Department failed to comply with the statutory timelines for holding the initial revocation hearing before the justice court, and it dismissed the case for want of jurisdiction. In one issue, the Department argues that failure to meet the timelines of Government Code section 411.180(b) does not divest the justice court or the county court at law of subject matter jurisdiction to hear the revocation petition.

We reverse and remand.

## Background

The Department issued a CHL to Shaikh. On March 30, 2010, Shaikh was convicted of the Class A misdemeanor offense of Possession of Gambling Device/Equipment/Paraphernalia in Harris County. In response, the Department notified Shaikh of its intent to revoke his CHL.

On June 10, 2010, shortly after Shaikh received notice of the Department's intent to revoke his CHL, he requested a hearing on the revocation before a justice of the peace. On July 22, 2010, forty-two days after the Department received Shaikh's request for a hearing, the Department petitioned the justice court to schedule the hearing. The justice court held the revocation hearing on August 19, 2010, seventy days after the Department received Shaikh's request for a hearing. The justice court ruled on the merits of the Department's petition and found that

2

the Department's revocation was not supported by a preponderance of the evidence.

The Department subsequently filed a timely petition for a trial de novo in the county court at law. The Department argued that its request for revocation was supported by a preponderance of the evidence because Shaikh's misdemeanor conviction rendered him ineligible to maintain his CHL pursuant to Government Code section 411.186(a)(3). *See* TEX. GOV'T CODE ANN. § 411.186(a) (Vernon 2012) (listing grounds for revoking concealed handgun license).

In his original answer, Shaikh denied that the Department could revoke his CHL. Shaikh also argued that neither the justice court, which held the initial revocation hearing, nor the county court at law, in which the Department filed its petition for trial de novo, had subject matter jurisdiction to consider the Department's petition. Shaikh argued that the Department failed to meet two statutory deadlines—(1) the deadline requiring the Department to schedule a hearing before the justice court within thirty days of its receipt of Shaikh's request for a hearing and (2) the deadline requiring the justice court to hold the revocation hearing within sixty days of the date Shaikh requested the hearing—which ultimately deprived both courts of jurisdiction to decide the merits of the revocation petition. *See id.* § 411.180(b) (Vernon 2012).

3

The Department replied and argued that both the justice court and the county court at law had subject matter jurisdiction to determine the revocation petition on its merits. Specifically, the Department argued that the timelines of section 411.180(b) were "considered directory as opposed to mandatory." The Department argued that Shaikh, who became statutorily ineligible for a CHL when he was convicted of a Class A misdemeanor, could not maintain his license merely because the justice court failed to hold a hearing on the Department's revocation petition within sixty days of Shaikh's request for a hearing. The Department urged the county court at law to find that it had jurisdiction over the revocation petition.

After a hearing on February 15, 2011, the county court at law signed an order finding that it did not have jurisdiction and dismissing the case. At the Department's request, the court made the following findings of fact:

1. The Department notified DANISH MAHMOOD SHAIKH (Licensee) of its intent to revoke Licensee's license to carry a concealed handgun.

2. Licensee requested [a] hearing on June 8, 2010 which was received by the Department on June 10, 2010.

3. The Department scheduled a hearing on July 23, 2010 for August 19, 2010.

4. The Department failed to schedule a hearing with the Justice Court within thirty days of its receipt of Licensee's request for hearing as required by § 411.180(b) of the Texas Government Code.

5. The hearing in the Justice Court was held on August 19, 2010.

6. The Justice Court denied the revocation sought by the Department.

7. The Department appealed the Justice Court's ruling to this Court.

8. The hearing in the Justice Court was not held within sixty (60) days of Licensee['s] request for the hearing as required by § 411.180(b) of the Texas Government Code.

The court also made the following conclusion of law: "The Court did not have subject matter jurisdiction over the above entitled and numbered cause."

**Construction of Government Code Section 411.180(b)**

In its sole issue, the Department contends that the county court at law erroneously determined that the statutory timelines in Government Code section 411.180(b) for requesting and holding a hearing on a revocation petition before the justice court are mandatory and that failure to comply with the timelines deprives both the justice court and the county court at law of subject matter jurisdiction.

Resolution of this issue is a matter of statutory construction, which is a question of law that we review de novo. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000); *City of Webster v. Myers*, 360 S.W.3d 51, 56 (Tex. App.—Houston [1st Dist.] 2011, pet. denied) (observing that we review questions concerning both subject matter jurisdiction and statutory construction under de novo standard). The primary purpose of construing a statute is to determine and give effect to the Legislature's intent. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003); *Fitzgerald v. Advanced Spine Fixation*

5

*Sys., Inc.*, 996 S.W.2d 864, 865 (Tex. 1999).  When determining this intent, we look first to the plain language of the statute, for "it is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent." *Fitzgerald*, 996 S.W.2d at 866; *see also City of Rockwall v. Hughes*, 246 S.W.3d 621, 625–26 (Tex. 2008) ("[W]e construe the statute's words according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results.") (citations omitted).  We read every word, phrase, and expression in a statute as if it was deliberately chosen, and we likewise presume that words excluded from the statute are done so purposefully.  *Town Hall Estates-Arlington, Inc. v. Cannon*, 331 S.W.3d 793, 795 (Tex. App.—Fort Worth 2010, no pet.).  When determining legislative intent, we do not examine a term or provision in isolation, but we instead read the particular statute as a whole.  *State ex rel. State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002).

Government Code Chapter 411 contains provisions concerning licenses to carry a concealed handgun.  Section 411.180 specifically addresses the Department's obligation to notify a licensee of the denial, revocation, or suspension of a CHL, as well as judicial review of such a determination.  *See generally* TEX. GOV'T CODE ANN. § 411.180.  Section 411.180(a) provides:

> The department shall give written notice to each applicant for a handgun license of any denial, revocation, or suspension of that

license. Not later than the 30th day after the notice is received by the applicant, according to the records of the department, the applicant or license holder may request a hearing on the denial, revocation, or suspension. . . . On receipt of a request for hearing from a license holder or applicant, the department shall promptly schedule a hearing in the appropriate justice court in the county of residence of the applicant or license holder. *The justice court shall conduct a hearing to review the denial, revocation, or suspension of the license.* In a proceeding under this section, a justice of the peace shall act as an administrative hearing officer. . . .

*Id.* § 411.180(a) (emphasis added). Subsection 411.180(b) describes specific actions that the Department must take upon receiving the licensee's request for a hearing:

The department, on receipt of a request for hearing, shall file the appropriate petition in the justice court selected for the hearing and send a copy of that petition to the applicant or license holder at the address contained in departmental records. *A hearing* under this section *must be scheduled within 30 days of receipt of the request for a hearing. The hearing shall be held expeditiously but in no event more than 60 days after the date that the applicant or license holder requested the hearing. The date of the hearing may be reset* on the motion of either party, by agreement of the parties, or by the court as necessary to accommodate the court's docket.

*Id.* § 411.180(b) (emphasis added). The justice court shall then determine if the revocation is supported by a preponderance of the evidence. *Id.* § 411.180(c). A party adversely affected by a hearing before the justice court "may appeal the ruling by filing within 30 days after the ruling a petition in a county court at law in the county in which the applicant or license holder resides . . . ." *Id.* § 411.180(e). "The trial on appeal shall be a trial de novo without a jury." *Id.*

7

When used in statutes, the terms "must" and "shall" are "generally recognized as mandatory, creating a duty or obligation." *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (construing Agricultural Code section 64.006(a)). We generally give the word "must" a mandatory meaning when it is followed in the statutory language by a noncompliance penalty. *Id.* (quoting *Harris Cnty. Appraisal Dist. v. Consol. Capital Props. IV*, 795 S.W.2d 39, 41 (Tex. App.—Amarillo 1990, writ denied)). Courts have, however, held that language that appears to impose a mandatory duty is only directory "when this interpretation is most consistent with the Legislature's intent." *Id.* When determining whether the Legislature intended for a statutory provision to be mandatory or directory, "we consider the plain meaning of the words used, as well as the entire act, its nature and object, and the consequences that would follow from each construction." *Id.* at 494 (citing *Albertson's Inc. v. Sinclair*, 984 S.W.2d 958, 961 (Tex. 1999) and *Chisholm v. Bewley Mills*, 287 S.W.2d 943, 945 (Tex. 1956)). Even if we determine that a statutory requirement is mandatory, however, this determination does not necessarily mean that compliance with the requirement is also jurisdictional. *Id.* at 494. "When a statute is silent about the consequences of noncompliance, we look to the statute's purpose to determine the proper consequences." *Id.*

To determine whether a particular statutory timing provision is mandatory, we first look to whether the statute contains a noncompliance penalty. *Id.* at 495. "If a provision requires that an act be performed within a certain time without any words restraining the act's performance after that time, the timing provision is usually directory." *Id.*

Here, section 411.180(b) contains two timing provisions. The first is that if a licensee requests a hearing before the justice court in response to the Department's notification of revocation, the hearing "must be scheduled within 30 days of [the Department's] receipt of the request for a hearing." TEX. GOV'T CODE ANN. § 411.180(b). The second timing provision states, "The hearing shall be held expeditiously but in no event more than 60 days after the date that the applicant or license holder requested the hearing." *Id.* The first and second timing provisions are then followed by the provision that "[t]he date of the hearing may be reset on the motion of either party, by agreement of the parties, or by the court as necessary to accommodate the court's docket." *Id.*

The Department cites the Tyler Court of Appeals' decision in *Texas Department of Public Safety v. Forsgard*, 108 S.W.3d 344 (Tex. App.—Tyler 2003, no pet.), which addressed whether section 411.180(b)'s first timing provision was mandatory or directory in the context of an initial application for a CHL. In *Forsgard*, the court instructed, "In determining whether the Legislature intended a

provision to be mandatory or merely directory, consideration should be given to the entire act, its nature and object, and the consequences that would follow from each construction." *Id.* at 346 (quoting *Tex. Dep't of Pub. Safety v. Sweeny*, 97 S.W.3d 597, 600 (Tex. App.—Houston [14th Dist.] 2002, no pet.) (construing Transportation Code sections 524.021(a) and 724.041(b), governing hearing on driver's license suspension) and *Chisholm*, 287 S.W.2d at 945). "Provisions which are not of the essence of the thing to be done, but which are included [in the statute] for the purpose of promoting the proper, orderly, and prompt conduct of business, are generally not regarded as mandatory." *Id.* (citing *Sweeny*, 97 S.W.3d at 600).

The Tyler court observed in *Forsgard* that, although section 411.180(b) states that the Department must schedule a hearing within thirty days of receiving the applicant's request, "the statute provides no consequences for [the Department's] failure to so act." *Id.* at 347. The Tyler court ultimately concluded, in light of "the fact that the Legislature has not expressly envisioned any consequences for [the Department's] failure to comply with the aforementioned scheduling provisions," that the Legislature intended for the thirty-day timing provision to be directory and included it in the statute "for the purpose of promoting the proper, orderly, and prompt conduct of business." *Id.*

10

Section 411.180(b)'s second timing provision, which was not at issue in *Forsgard*, but is at issue here, requires that the hearing on the revocation petition be held within sixty days of the licensee's request, and this provision includes statutory language "restraining the act's performance after that time." *See Wilkins*, 47 S.W.3d at 495. This provision requires the hearing to be held "expeditiously" and then clarifies that the hearing is to be held "in no event more than 60 days" after the date of the licensee's request. *See* TEX. GOV'T CODE ANN. § 411.180(b). The statute then, however, provides that the date of the hearing may be reset "on the motion of either party, by agreement of the parties, or by the court as necessary to accommodate the court's docket." *Id.*

Although section 411.180(b) contains language stating that the hearing shall not be held more than sixty days after the date of the request, the statute does not contain any explicit language indicating that failure to comply with the timing requirement deprives either the justice court or the county court at law of subject matter jurisdiction. *See City of DeSoto v. White*, 288 S.W.3d 389, 395 (Tex. 2009) (discussing explicit jurisdictional language with respect to Local Government Code section 143.057(a)); *see also Tex. Dep't of Pub. Safety v. Guerra*, 970 S.W.2d 645, 648–50 (Tex. App.—Austin 1998, pet. denied) (holding, where there was no jurisdictional language, that Transportation Code section 524.032, providing that hearing on suspension of driver's license "shall be held" within forty days of driver

11

receiving notice of suspension, is directory and failure to hold hearing within forty days does not preclude Department from suspending license). No statutory language addresses the consequences of the failure of the justice court to hold a hearing within sixty days after the date of the licensee's request. *See Guerra*, 970 S.W.2d at 649 ("[T]he Legislature's failure to attach a consequence to a situation where a hearing is held outside the 40 days of the notice of suspension persuades us to hold section 524.032(a) directory. . . . If the Legislature had intended for section 524.032(a) to be mandatory, it could have easily provided consequences for noncompliance."); *see also City of DeSoto*, 288 S.W.3d at 396 ("We have also looked for 'the presence or absence of specific consequences for noncompliance' in determining whether a provision is jurisdictional."); *Wilkins*, 47 S.W.3d at 495 (considering "the consequences that result from each possible interpretation" as factor in deciding whether provision is jurisdictional).

Although section 411.180(b) provides that a hearing before the justice court on the Department's revocation petition "shall be held expeditiously but in no event more than 60 days after" the date the license holder requested the hearing, the statute provides no guidance on what must happen if that deadline is not met. *See* TEX. GOV'T CODE ANN. § 411.180(b); *Guerra*, 970 S.W.2d at 649. Section 411.180 does not, for example, explicitly provide that if no hearing is held within sixty days despite the licensee's request for such a hearing, the Department's

revocation decision is vacated and the licensee's CHL is automatically reinstated, nor does it provide that the county court at law loses subject matter jurisdiction to hear the case if the deadline is not met. *Cf. In re E.D.L.*, 105 S.W.3d 679, 687 (Tex. App.—Fort Worth 2003, pet. denied) ("Despite language stating that the hearing 'shall be held not later than the 14th day after the date the child was taken into possession,' the statute has no corresponding provision dictating dismissal for noncompliance.") (quoting TEX. FAM. CODE ANN. § 262.201(a)); *see also City of Laredo v. Almazan*, 179 S.W.3d 132, 125 (Tex. App.—San Antonio 2005, no pet.) (concluding Local Government Code section 143.052(d) is not jurisdictional in part because "the legislature clearly indicated its ability to dictate a noncompliance penalty by providing in subsection (f) that the failure to comply with subsection (e) would result in reinstatement" but subsection (d) contained no such provision).

Additionally, the purpose of the hearing before the justice court is to provide an opportunity for the licensee to challenge the revocation and to require the Department to justify its action by demonstrating that a preponderance of evidence supports the revocation. *See* TEX. GOV'T CODE ANN. § 411.180(c) ("The justice court shall determine if the denial, revocation, or suspension is supported by a preponderance of the evidence. Both the applicant or license holder and the department may present evidence."); *see also Tex. Dep't of Pub. Safety v. Manwell*, 236 S.W.3d 905, 907 (Tex. App.—Corpus Christi 2007, no pet.) ("Section 411.180

13

places the burden of proof at the hearing on the Department to support the suspension of the license."). If the justice court determines that the revocation is not supported by a preponderance of the evidence, then the court shall order the Department to immediately return the CHL to the license holder. TEX. GOV'T CODE ANN. § 411.180(c).

Although it was specifically addressing the thirty-day timing provision, the Tyler court in *Forsgard* noted the consequence of construing section 411.180(b) as directory instead of mandatory: the Department "might not act with the diligence anticipated by the statute" and, as a result, a licensee who has been notified that the Department has denied or revoked his license "would be subject to undue delay in appealing such a decision" to the county court at law. *Forsgard*, 108 S.W.3d at 347. If, however, a timely hearing is mandatory and no hearing before the justice court can be held more than sixty days after the licensee's request, then, if the hearing fails to occur within this sixty-day window, the last action concerning the license is the Department's notice of revocation and no review of the Department's action is possible.

If we construe section 411.180(b) to prohibit a hearing before the justice court more than sixty days after an applicant requests such a hearing, the Department, which is the party that controls filing the petition to support denial or revocation of a license and scheduling the hearing before the justice court, could

14

simply schedule the hearing for more than sixty days after the request for the hearing, and this action would completely deprive an applicant of his right to have the justice court review a denial. In the context of a review of the denial of a CHL application, this interpretation could result in the Department's decision escaping review despite the licensee's request for a hearing. Such a result would subvert the Legislature's purpose for providing an opportunity for judicial review.

Finally, section 411.180(b) states, "The date of the hearing may be reset on the motion of either party, by agreement of the parties, or by the court as necessary to accommodate the court's docket." TEX. GOV'T CODE ANN. § 411.180(b). Texas courts have held that a statutory provision is not jurisdictional "if it allows the tribunal and a party to agree to postpone or extend the time within which a tribunal is ordinarily required to resolve a dispute" because the tribunal's subject matter jurisdiction "exists not by agreement but by virtue of the constitution and statutes as a matter of law." *Nash v. Civil Serv. Comm'n, Palestine*, 864 S.W.2d 163, 166 (Tex. App.—Tyler 1993, no writ). Although section 411.180(b) states that a hearing before the justice court shall be held no later than sixty days after the date the license holder requested the hearing, it also allows the parties or the justice court to reset the hearing beyond the sixty-day window. Thus, the date the hearing is scheduled is not wholly within the control of the Department. It is also possible that, because of the justice court's schedule, and despite the Department's

diligence in attempting to set the hearing, a hearing could not be held within the sixty-day time period. *See Guerra*, 970 S.W.2d at 649. "If such a scheduling problem were to arise, it would be unreasonable to punish the Department for acts that are not within its control." *Id.* The text and structure of Chapter 411 do not require such results.

We conclude that section 411.180(b)'s sixty-day timing provision is directory and not jurisdictional. *See Wilkins*, 47 S.W.3d at 495 ("When deciding whether the Legislature intended a particular provision to be jurisdictional, we must also consider the consequences that result from each possible construction."); *see also City of Rockwall*, 246 S.W.3d at 625–26 (holding that we generally construe statutory words according to their plain and common meaning unless such construction leads to an absurd result).

We therefore hold that the county court at law erroneously determined that the sixty-day timing provision of Government Code section 411.180(b) was mandatory and jurisdictional and that, because the justice court did not hold a hearing on the Department's revocation petition within sixty days of Shaikh's request for a hearing, it lacked subject matter jurisdiction over the case.

We sustain the Department's sole issue.

16

## Conclusion

We reverse the judgment of the county court at law and remand the case for a trial de novo on the Department's revocation petition pursuant to Government Code section 411.180(e).

Evelyn V. Keyes
Justice

Panel consists of Justices Keyes, Massengale, and Brown.