**Opinion issued October 2, 2018**



In The

# Court of Appeals

For The

# First District of Texas

_____

**NO. 01-18-00717-CV**

**NO. 01-18-00718-CV**

**NO. 01-18-00719-CV**

_____

**IN RE TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, Relator**

---

**Original Proceedings on Petition for Writ of Mandamus**

---

**MEMORANDUM OPINION**

The Department of Family and Protective Services ("the Department") has filed three petitions for writ of mandamus, requesting that the trial court be directed to hold a full adversary hearing, as required by Subsection 262.201(b) of the Family

Code, in three related trial court cases.[1]  *See* TEX. FAM. CODE ANN. § 262.201(b) (West Supp. 2017).  We conditionally grant relief in each mandamus proceeding.

## Background

The three trial court cases underlying the requests for mandamus relief are suits affecting the parent child relationship ("SAPCR").  Each case involves one child.  The three children have the same mother, but each has a different father.

On May 30, 2018, in each case, the Department filed a pleading,[2] requesting the trial court (1) to "set [the] case for temporary hearing and order the parties to appear for a hearing to determine whether the child should be removed from the home" and (2) to sign temporary orders "at the full adversary hearing," appointing the Department as the child's temporary sole managing conservator.  The Department stated that "[r]easonable efforts have been made to prevent or eliminate the need to remove the child from the child's home, and allowing the child to remain in the home would be contrary to the child's welfare."

---

[1]  The underlying case in appellate cause number 01-18-00717-CV is *In the Interest of N.L.K.*, cause number 2013-18197.  The underlying case in appellate cause number 01-18-00718-CV is *In the Interest of K.L.S.-G.*, cause number 2014-23449, and the underlying case in appellate cause number 01-18-00719-CV is *In the Interest of J.T.C.*, cause number 2018-35870.  The cases are pending in the 246th District Court of Harris County, Texas, the Hon. Charley Prine presiding.

[2]  In trial court cause numbers 2013-18197 and 2014-23449, the Department filed a motion to modify a previous SAPCR order.  In trial court cause number 2018-35870, the Department filed an original petition.

The Department asserted that "temporary orders are necessary because the child's present living environment may endanger the child's physical health or significantly impair the child's emotional development" and the "temporary orders are in the best interest of the child." In support of its request for temporary conservatorship, the Department offered the affidavit of its representative, who testified, in part, as follows:

> The mother [D.S. has] made admissions of knowingly taking Xanax and Vicodin without a valid prescription while she was approximately 8 months pregnant with her youngest child, [J.T.C.]. The mother was working Family Based Safety Services [FBS]since July 2016 and has continuously relapsed on multiple illegal substances and has tested positive on multiple drug tests for cocaine, methamphetamines, and benzodiazepines. The mother has been in and out of drug rehabilitation facilities during the course of her FBSS case, but still continues to relapse. All three fathers have extensive criminal history involving either family violence or drug possession. None of the fathers or any of their relatives are ready and willing to be considered as a temporary placement for the children. It is the opinion of the Department that there is a continuing danger to the physical health and safety of the children to be returned to the parent; continuation of the children in the home would be contrary to the children's welfare; and reasonable efforts, consistent with the circumstances and providing for the safety of the children, were made to prevent or eliminate the need for removal of the children. Therefore, [the Department] is seeking to be appointed Temporary Managing Conservatorship of [the three children].

In each case, the Department pleaded that, if reunification between the child and the parents could not be achieved, a relative or "other suitable person" be appointed as the child's sole managing conservator. If the child could not be permanently placed with a relative or other suitable person, the Department

3

requested that it be named as the child's permanent sole managing conservator. Finally, if family reunification could not be achieved, the Department requested that the parent-child relationship between each child and the parents be terminated.

On May 31, 2018, the trial court signed orders appointing each parent counsel and appointing the children an attorney ad litem. The trial court also set the full adversary hearing for the three cases for June 14, 2018, "which is a date not later than 30 days from the date of the filing of the petition pursuant to Texas Family Code, §262.201(b)." The mandamus record shows that the trial court signed an order resetting the June 14 adversary hearing for the three children to July 12, 2018.

The mandamus record also contains the transcript from the July 12 hearing. Appearing at the hearing were the attorney representing the Department, the attorneys appointed to represent each parent, and the children's attorney ad litem. The attorney representing the mother objected to the hearing, and an attorney representing one of the fathers joined the objection.

The mother's attorney asserted, "[P]ursuant to the Texas Family Code under [section] 262.201[b], a full adversary hearing and suit filed under that section requesting possession of a child shall be held not later than the 30th day after the date was suit was filed. Suit was filed May 31st [sic], and here we are in July." She also averred, "The burden [is] on the Department to have [the adversary hearing] done and actually held [within 30 days of filing suit], not just that we set it in a

4

certain period of time but [the hearing] actually has to be held." The trial court remarked, "That sounds jurisdictional." The attorney ad litem indicated on the record that the hearing had been reset from June 14 because she had been out of the county on that date.[3] The trial court and the attorneys then discussed whether holding the adversary hearing within 30 days of suit being filed was jurisdictional, that is, whether the failure to hold the hearing within the 30-day period divested the trial court of its subject-matter jurisdiction.

The Department responded that Subsection 262.201(b) did not affect the trial court's jurisdiction to decide possession or to continue to final disposition of the cases. The Department pointed out that Subsection 262.201(b) does not contain language regarding jurisdiction or dismissal. However, the trial court stated that,

---

[3]   As part of the mandamus records, the Department has attached the affidavit of its attorney, who explains that he had appeared at the scheduled June 14 adversary hearing ready to proceed. He avers that the parents' appointed counsel also appeared, but the children's ad litem was not present, having filed a vacation letter with the court for that date. The attorney states that the trial court would not permit a full adversary hearing to proceed without the children's attorney ad litem. He explained that July 12 was chosen as the new date for the adversary hearing based on the vacation schedules of the attorneys and the trial judge, as well as two designated court "dead weeks" due to a state bar convention and the Fourth of July holiday. However, we note, "In an original proceeding on petition for writ of mandamus, we must focus on the record that was before the trial court." *In re Taylor*, 113 S.W.3d 385, 392 (Tex. App.—Houston [1st Dist.], orig. proceeding). "We will not consider exhibits that were not part of the trial court record at the time of the hearing on the motion that is the subject of this original proceeding." *Id.* Thus, we cannot consider the attorney's affidavit in determining whether the Department is entitled to mandamus relief because the affidavit was never before the trial court but was created only to support the mandamus petitions. *See id.*

5

because Subsection 262.201(b) provides that the adversary hearing "shall" be held within 30 days, and the hearing had not occurred within 30 days, it had "no authority to say who can have the children any longer." The trial court told the Department, "It would sound to me like you should nonsuit and redo it." The Department responded that it did not want to nonsuit its claims because "it might be a bad precedent." The trial court replied, "Then you can file your mandamus because I'm dismissing it. . . . It's with prejudice now because you pushed me that way. . . . I gave you an opportunity to nonsuit. You refused. It's dismissed." Although it orally ruled the cases should be dismissed, the trial court did not sign an order of dismissal.

The Department filed its petitions for writ of mandamus, corresponding to each of three SAPCRs in the trial court.[4] The Department requests this Court to direct the trial court to hold a full adversary hearing.

In support of its requested mandamus relief, the Department asserts the same two issues in each petition. The Department first contends that the trial court abused its discretion when it refused to hold the adversary hearing based on the trial court's interpretation of Subsection 262.201(b) that the 30-day hearing requirement is jurisdictional. The Department also contends that it has no adequate remedy by appeal.

---

[4] The parents, who are the real parties in interest, were requested to file a response to the mandamus petitions, however, no responses have been filed.

6

**Standard of Review**

Mandamus is an extraordinary remedy, available only when the relator can show both that (1) the trial court clearly abused its discretion, and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or properly applying the law. *Id.* If it fails to properly interpret the law or applies the law incorrectly, the trial court abuses its discretion. *Id.* at 642–43. This mandamus turns on whether the trial court properly interpreted Family Code Section 262.201(b). We review a trial court's interpretation of the law de novo. *In re Tex. Dep't of Family & Protective Servs.*, 273 S.W.3d 637, 642 (Tex. 2009).

In determining whether an appeal is an adequate remedy, we balance the benefits and detriments of mandamus review. *In re McAllen Med. Ctr.*, 275 S.W.3d 458, 464 (Tex. 2008). This balance is heavily circumstantial. *Id.*

**Analysis**

**A.    Abuse of Discretion**

In its first issue, the Department asserts that the trial court's "holding that it lacked subject matter jurisdiction over this case as a consequence of Tex. Fam. Code § 262.201(b), that it will not hear [the Department's] adversary hearing, and that it

7

must dismiss this case with prejudice are legal errors and are, therefore, clear abuses of its discretion."

Family Code Subsection 262.201(b) states, "A full adversary hearing in a suit filed under Section 262.113 requesting possession of a child shall be held not later than the 30th day after the date the suit is filed." FAM. § 262.201(b). Family Code Section 262.113 provides that the Department may file a SAPCR without taking emergency possession of the child. TEX. FAM. CODE ANN. § 262.113 (West Supp. 2017). Here, the Department sought temporary managing conservatorship of the children without first taking emergency possession of them. *See id.* At the July 12 hearing, all parties appeared to agree that Subsection 262.201(b) and its requirement that a hearing "shall" be held within 30 days of filing applies to the three underlying cases.

When used in statutes, both "shall" and "must" are generally recognized as creating mandatory obligations. *Tex. Dept. of Pub. Safety v. Shaikh*, 445 S.W.3d 183, 187 (Tex. App.—Houston [1st Dist.] 2013, no pet.) (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001)). But mandatory statutory duties are not necessarily jurisdictional. *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 391 (Tex. 2014). "We resist classifying a provision as jurisdictional absent clear legislative intent to that effect." *Id.*; *see In re J.W.M.*, 153 S.W.3d 541, 545 (Tex. App.—Amarillo 2004, pet. denied) (recognizing that, when interpreting a

8

statute, courts must presume Legislature chose its words carefully, that every word was included for some purpose and every word excluded was omitted for a purpose).

Here, we must determine whether the Legislature intended a jurisdictional bar by imposing the expedited hearing requirement found in Section 262.201(b). In making this determination, we consider the four factors listed by the Supreme Court of Texas in *Crosstex Energy Services*: (1) the plain meaning of the statute; (2) the presence or absence of specific consequences for noncompliance; (3) the purpose of the statute; and (4) the consequences that result from each possible interpretation. 430 S.W.3d at 392.

We address the first two factors together. *Id.* The text of Subsection 262.201(b) does not address any consequence for non-compliance. *See* FAM. § 262.201(b). Nor does it indicate that a failure to hold a full adversary hearing within the 30-day period implicates the trial court's jurisdiction. *Id.*; *see also Crosstex Energy Servs.*, 430 S.W.3d at 392 ("[O]ur aversion to classifying statutory requirements as jurisdictional prevents such classification absent a clear indication from the Legislature of jurisdictional intent.").

When failure to meet a statutory deadline is intended to be jurisdictional, the Legislature has been clear in the language it has used. *See Crosstex Energy Servs.*, 430 S.W.3d at 392. For instance, as the Department points out, Family Code Section 263.401 expressly provides that—in a SAPCR in which the Department seeks

termination or conservatorship—the trial court loses its jurisdiction and the case is automatically dismissed unless trial on the merits is commenced by the first Monday following the first anniversary of the date that the trial court rendered a temporary order appointing the Department as temporary managing conservator or unless a proper extension has been granted. *See* FAM. § 263.401. No comparable language is found in Section 262.201(b).

The third factor—the purpose of the statute—is not expressly declared in Subsection 262.201(b). However, to determine legislative intent, we must analyze Subsection 262.201(b) in the context of Section 262.201 as a whole. *See Castleman v. Internet Money Ltd*., 546 S.W.3d 684, 688 (Tex. 2018) (citing *CHCA Woman's Hosp. v. Lidji*, 403 S.W.3d 228, 232 (Tex. 2013)).

Companion Subsection 262.201(j) provides that, when, as here, the Department does not already have possession of the child, the trial court may, at the end of the full adversary hearing, issue temporary orders, including orders of temporary conservatorship, if the Department shows "there is a continuing danger to the physical health or safety of the child caused by an act or failure to act of the person entitled to possession of the child and continuation of the child in the home would be contrary to the child's welfare" and "reasonable efforts, consistent with the circumstances and providing for the safety of the child, were made to prevent or eliminate the need for the removal of the child." FAM. § 262.201(j).

"While it is not for courts to undertake to make laws 'better' by reading language into them,' we must make logical inferences when necessary 'to effect clear legislative intent or avoid an absurd or nonsensical result that the Legislature could not have intended.'" *Castleman*, 546 S.W.3d at 688 (quoting *Cadena Comercial USA Corp. v. Tex. Alcoholic Beverage Comm'n*, 518 S.W.3d 318, 338 (Tex. 2017)). Here, reading Subsection 262.201(b) and companion Subsection 262.201(j) together, it is logical to infer that the Legislature enacted the 30-day hearing requirement to ensure that issues relating to the health and safety of children are promptly addressed while also protecting the due-process rights of those entitled to possession. To this extent, the purpose of the 30-day hearing requirement does not indicate that the requirement is jurisdictional.

The fourth factor—consideration of the implications of alternative interpretations—also indicates that the requirement is non-jurisdictional. Treating the 30-day requirement as jurisdictional could render a judgment in a SAPCR, to which Subsection 262.201(b) applied, susceptible to collateral attack for noncompliance. *See Crosstex Energy Servs.*, 430 S.W.3d 392–93. This could render even a judgment terminating the parent-child relationship vulnerable to attack, disrupting any achieved permanency and stability for the child. Also, treating the requirement as jurisdictional could, as demonstrated by the record here, result in the trial court dismissing the SAPCR without conducting the full adversary hearing.

This would delay the determination of whether the subject child's physical health or safety was in continuing danger as the Department alleges, potentially placing the child at risk of harm.

After considering the four *Crosstex Energy* factors, we conclude that the 30-day hearing requirement in Subsection 262.201(b) is non-jurisdictional. *See id.* at 392. We note this conclusion is also supported by the holding in *In re E.D.L.* 105 S.W.3d 679, 683–84 (Tex. App.—Fort Worth 2003, pet. denied). There, the Fort Worth Court of Appeals held that the deadline provided in companion Subsection 262.201(a), requiring that a full adversary hearing be held within 14 days after the Department takes emergency possession of a child, is not jurisdictional. *Id.*; *see also In re Stellpflug*, No. 04–03–00876–CV, 2003 WL 22804035, at *2 (Tex. App.— Beaumont Nov. 26, 2003, orig. proceeding) (mem. op.) (citing *In re E.D.L.* and holding that "the failure to hold a full adversary hearing timely is not jurisdictional and therefore does not render any subsequent orders void")). We hold that the trial court abused its discretion when it refused to hold the full adversary hearing on the basis that it no longer had jurisdiction due to noncompliance with Subsection 262.201(b). [5]

---

[5] We note that Subsection 262.201(b) was added by the Legislature in 2017. *See* Act of May 28, 2017, 85th Leg., R.S., ch. 910, § 13 Tex. Gen. Laws 3706, 3709. It applies to suits filed on or after September 1, 2017. *See* Act of May 28, 2017, 85th Leg., R.S., ch. 910, §§ 16-17, 2017 Tex. Gen. Laws 3706, 3711. In the suit underlying appellate cause number 01-18-00719-CV (trial court cause number

We sustain the Department's first issue in each mandamus proceeding.

## B.    Entitlement to Mandamus Relief

In its second issue, the Department asserts that it does not have an adequate remedy by appeal to remedy the trial court's abuse of discretion in refusing to conduct the full adversary hearing. "Whether a clear abuse of discretion can be adequately remedied by appeal depends on a careful analysis of the costs and benefits of interlocutory review." *In re McAllen Med. Ctr., Inc.*, 275 S.W.3d 458, 464 (Tex. 2008). In cases involving child custody, "[j]ustice demands a speedy

2018-35870), the Department filed its original petition on May 30, 2018, requesting, inter alia, to be appointed the child's temporary sole managing conservator and for removal of the child. However, in appellate cause numbers 01-18-00717-CV (trial court cause number 2013-18197) and 01-18-00718-CV (trial court cause number 2014-23449), the Department requested temporary conservatorship and removal in Motions to Modify for Conservatorship and for Termination. The motions to modify were filed on May 30, 2018, but the suits in which the motions to modify were brought were originally filed in 2013 and 2014, respectively. To the extent that Subsection 262.201(b) does not apply to the full adversary hearing needed to determine temporary conservatorship and removal issues raised in the motions to modify filed in the 2013 and 2014 cases, now-repealed Family Code Section 262.205 applies. *See* Act of May 26, 1999, 76th Leg., R.S., ch. 1150, § 23, 1999 Tex. Gen. Laws 4043, 4048, *repealed by* Act of May 28, 2017, 85th Leg., R.S., ch. 910, § 15, 2017 Tex. Sess. Law Serv. 3712, 3718. Repealed Section 262.205 applied when the child was not in the Department's possession. *Id.* Like Subsection 262.201(b), it allowed for removal of the child and for issuance of temporary orders following a hearing. *Id.* Unlike Subsection 262.201(b), repealed Section 262.205 did not require the hearing be held within a certain time period. To the extent that repealed Section 262.205 applies to two of the underlying cases, the argument adopted by the trial court to support its refusal to conduct the full adversary hearing, that is, the argument that the time 30-day hearing requirement was jurisdictional, would not support the refusal to hold the full adversary hearing in those two cases. Thus, the trial court's refusal to hold the full adversary hearing in those cases is an abuse of discretion even if we presume, without deciding, that Repealed Section 262.205 applies rather than Subsection 262.201(b).

resolution," and we have acknowledged that appeal is "frequently inadequate to protect the rights of parents and children." *In re Tex. Dep't of Family & Protective Servs.*, 210 S.W.3d 609, 613 (Tex. 2006). We note that courts have recognized that mandamus is the remedy when a trial court does not hold an adversary hearing within the statutory time requirements. *See In re Justin M.*, 549 S.W.3d 330, 333 (Tex. App.—Texarkana May 1, 2018, orig. proceeding) ("If the hearing is not held within the time frame required by statute, the remedy is to compel the trial court by mandamus to promptly conduct the hearing."); *In re E.D.L.*, 105 S.W.3d at 688 ("In the event a full adversary hearing is not held within fourteen days, section 262.201 provides both the parents and [the Department] the right to compel the trial court by mandamus to conduct the adversary hearing promptly.")

Here, the mandamus record shows that the children remain in the possession of their mother. The Department has requested the trial court to render temporary orders at the full adversary hearing, including orders appointing the Department as the children's temporary sole managing conservator and permitting removal of the children from their mother's home. In each case, the Department alleged that "temporary orders are necessary because the child's present living environment may endanger the child's physical health or significantly impair the child's emotional development" and the "temporary orders are in the best interest of the child."

14

The Department supported its request with its representative's affidavit. In the affidavit, the representative testified that the Department had received allegations of neglectful supervision of the children in the past related to the mother's drug use. The representative stated that the mother was provided family-based services for over 22 months, but she failed to complete the services and continued to test positive for illegal substances. The representative also testified that the parents all had "extensive criminal history" . . . "involving drug possession or family violence." Based on the circumstances, the representative testified that "there is a substantial risk of a continuing danger to the children if they remain in the custody of the mother."

The full adversary hearing will serve the purpose of determining whether the children should be removed from the mother's home while providing the parents with the opportunity to appear with their counsel. Even presuming, based on its oral ruling, that the trial court will sign an order dismissing the underlying cases, further delay in determining whether the children should be removed from the mother's home potentially puts them at risk of harm. We hold that there is not an adequate remedy by appeal.

We sustain the Department's second issue.

## Conclusion

We conditionally grant the Department's three mandamus petitions. We direct the trial court to conduct the full adversary hearing for each of the underlying cases. The writ will issue only if the trial court does not comply.


Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Massengale.

16